701 So.2d 498 (1997)
Roy C. KUMPE, Plaintiff-Appellant,
v.
STATE of Louisiana, et al. Defendants-Appellees.
No. 97-386.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
Rehearing Denied December 8, 1997.
*499 Anthony Fazzio, Lafayette, Charles Charest deLauson Thiba, Baton Rouge, for Roy C. Kumpe.
Richard Phillip Ieyoub, Nelson Managan Lee, Baton Rouge, for State, et al.
John A. Keller, Mandeville, for University of Southwest Louisiana, et al.
Grayson H. Brown, Baton Rouge, for The Travelers Ins. Co.
Before DOUCET, C.J., and DECUIR and AMY, JJ.
DECUIR, Judge.
This is an appeal from a grant of summary judgment in a case arising out of a slip and fall accident.

FACTS
On February 13, 1994, plaintiff, Roy Kumpe, and his wife, Wendy Kumpe, went to the Cajundome to attend a Mardi Gras ball put on by the Krewe of Triton. Prior to attending the ball, the Kumpes attended a champagne reception and Mr. Kumpe partook of the available libations. The Kumpes left the reception and proceeded directly to the Cajundome for the ball. They entered the Cajundome using the entrance under the covered walkway. While at the ball, Mr. Kumpe consumed several alcoholic beverages.
The incident at issue in this case occurred as the Kumpes were leaving the Cajundome through the same exit they had previously entered. Mr. Kumpe was walking beside his wife carrying a small bucket of Mardi Gras beads, when he slipped and fell injuring his back. Mr. Kumpe was wearing lace up patent leather tuxedo shoes at the time of the accident.
Neither of the Kumpes noticed the floor being slick or slippery prior to the accident. Moreover, neither of the Kumpes noticed any foreign substance or any wet spot on the floor either prior to or subsequent to the accident. Phillip Bertrand, the EMS attendant on the scene, examined the site of the accident and noticed no foreign substance or wet spots, nor did he find the floor to be slick or slippery. In fact, according to Bertrand, Mr. Kumpe indicated that the slick soles of his shoes probably slipped on the floor. In addition, Glenn Harrington, the event manager for the Cajundome, examined the floor after the accident and found no water, dampness, wet spot or any foreign substance, nor did he find the floor to be slick or slippery. Finally, Mr. Kumpe does not contend that there was any problem with the lighting in the corridor or that the floor appeared to have been recently polished.
With regard to the composition of the floor, the manufacturer's representative, Gary Davis, established that the floor was made of medium transpot tile which meets all applicable industry standards for slip resistance. The other affidavits referring to the tile composition refer to it by a different name but all note the skid resistant qualities.
With regard to maintenance, affidavits established the cleaning procedure and plaintiff disputed the appropriateness of that course of cleaning. However, despite contending that the tile was negligently maintained, plaintiff's expert, Stephen Killingsworth, a mechanical engineer, did not indicate that this made the floor slippery.
Based on these facts the trial court granted summary judgment in favor of defendants, University of Southwestern Louisiana, City of Lafayette, and the Cajundome Commission. Plaintiff lodged this appeal.

LAW
Appellate courts review summary judgments de novo under the same criteria that *500 govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal S & L, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.
The first issue that must be addressed in reviewing a trial court's grant of summary judgment is whether any genuine issues of material fact exist. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730, appeal after remand, 96-1837 (La.9/27/96); 680 So.2d 1163. The reviewing court must next address whether reasonable minds could conclude, based on the facts presented, the mover is entitled to judgment. Id. In other words, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. Id. If the mover's supporting documentation is sufficient to establish that no genuine issue of material fact exists, the burden of proving the existence of a genuine issue of material fact shifts to the nonmoving party. McCoy v. State Farm Mut. Auto. Ins. Co., 95-689 (La.App. 3 Cir. 11/2/95); 664 So.2d 572. To satisfy his burden of proof the nonmoving party must not rely on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967. Moreover, as we noted in Haywood, the legislature's recent amendment to La.Code Civ.P. art. 966 increases this burden by favoring summary judgment and by requiring that the nonmover establish the existence of proof of an essential element of his claim for which he will bear the burden of proving at trial. Haywood, 692 So.2d 524. Because this amendment is procedural its effect is retroactive and, therefore, applicable to this case. Id.
In the instant case, Mr. Kumpe alleges that the defendants are liable to him on the basis of strict liability and negligence. Plaintiff's applicable burden of proof was set forth by the Louisiana Supreme Court in Fontenot v. Fontenot, 93-2479 (La.4/11/94); 635 So.2d 219, 221:
Under Louisiana law, liability for injuries sustained by one on the premises of another may be based on strict liability or negligence. In an action asserting strict liability under La.C.C. art. 2317, the plaintiff bears the burden of proving: (1) the thing which caused the damages was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries and/or damage were caused by the vice or defect. (Citation omitted). The plaintiff asserting a claim against a premises [sic] owner based on negligence, or liability under La.C.C. art. 2315, where the sole basis alleged for holding the owner liable is his relation to the property, has the same burden, plus the additional burden of proving defendant's scienter, i.e., that defendant "knew or should have known" of the defect. (Citation omitted).
As pointed out by the first circuit in Stockwell v. Great Atlantic and Pacific Tea Co., 583 So.2d 1186 (La.App. 1 Cir.1991), the threshold question is whether the plaintiff proved the accident was caused by a hazardous condition. In the context of slip and fall cases, a hazard is shown to exist when a fall results from a foreign substance on the floor or from another unreasonably slippery condition. Id. The duty owed by a nonmerchant is even less. In order to establish a prima facie case against a non-merchant the plaintiff must prove she fell as the result of a foreign substance on defendant's premises. Morrison v. Baton Rouge General Medical Center, 635 So.2d 768 (La.App. 1 Cir.1994).

DISCUSSION
Mr. Kumpe alleges that the trial court erred in granting summary judgment in favor of the defendants. For the reasons that follow, we disagree.
Mr. Kumpe first asserts that the trial court improperly evaluated the weight of the *501 evidence in granting the defendants' motion for summary judgment. This assertion is based on the trial court's comment that plaintiff's evidence had failed to override the affidavits and supporting documentation provided by the defendants. This argument lacks merit. As we have previously noted, once the defendants established to the court that no genuine issue of material fact was in dispute, the burden shifted to Mr. Kumpe. See McCoy, 664 So.2d 572. Mr. Kumpe then was required to set forth specific facts showing there is a genuine issue for trial and establish proof of an essential element of his claim. La.Code Civ.P. art. 967; see Haywood, 692 So.2d 524. The trial court clearly applied the appropriate standard.
Mr. Kumpe next alleges that the trial court erred in finding that no genuine issue of material fact existed as to the composition of the floor. This assertion is based on the fact that affidavit testimony referred to the flooring by different names. This is of no moment as the manufacturer's representative established the tile identification and all parties agreed on the critical issue of the skid resistant characteristics of the flooring. Likewise, the assertion that Harrington's affidavit referred to matters outside his personal knowledge is of little moment as the issues referred to were established by affidavits based on personal knowledge. Thus, Harrington's affidavit insofar as it referred to the floor tile's composition was merely duplicative.
Mr. Kumpe next contends that the trial court erred in granting defendants' motion for summary judgment because the issue of maintenance and composition are still in dispute and a fact finder could have found the defendants liable based on these issues. Had any party, either plaintiff or the defendants, asserted that the floor was defective, slippery, wet, damaged or otherwise unsafe, this might be the case. However, no party did so. In fact, plaintiff by his own presentation established that these conditions did not exist. The trial court did not err in this respect.
Finally, Mr. Kumpe contends the trial court erred by applying the standard from Stockwell. He argues that Stockwell sets the standard for proving a slip and fall case at trial not for summary judgment. This argument lacks merit. The trial court's reference to Stockwell does not imply that plaintiff must prove his entire case to escape a motion for summary judgment, it merely establishes what the relevant and material facts are in determining whether a genuine issue of fact exists.
Furthermore, our independent review of the materials presented lead us to the same conclusion as the trial court. No genuine issue of material fact is in dispute in this case. Accordingly, the trial court's grant of summary judgment was appropriate.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant, Roy C. Kumpe.
AFFIRMED.