|, GREMILLION, Judge.
The plaintiff, Terry Stewart, appeals the trial court’s granting of summary judgment in favor of the defendant, Natchi-toches Beverage, Inc., and dismissing his claim with prejudice. We affirm for the following reasons.
*99 FACTS
On August 17,1996, Stewart suffered a heart attack which required hospitalization and treatment. He recovered and was' released to return to work without restrictions by his cardiologist on October 31, 1996. When he reported to work, Natchi-toches Beverage terminated his employment. Stewart filed the instant suit on October 28, 1997, seeking reinstatement, back pay, and attorney’s fees as a result of Natchitoches Beverage’s discriminatory act in refusing to employ him. He alleged that its refusal was due to a fear that he would suffer another heart attack while performing his duties as a salesman. Natchitoches Beverage answered denying | ¡¡Stewart’s claim, and filed a motion for summary judgment alleging that it did not fit the definition of an “employer” as provided in the Civil Rights Act for Handicapped Persons. La.R.S. 46:2253(7).
At the hearing on the motion for summary judgment, Natchitoches Beverage presented two affidavits attached to its motion which were filed into the record. Mark Thomas, a certified public accountant, stated that he was the accountant for Natchitoches Beverage, and that it never employed more than twelve employees. Natchitoches Beverage’s employee log was attached showing that from October 31, 1996 that it employed no more than twelve employees. Steve Wiggins, Natchitoches Beverage’s president, stated that it never employed fifteen employees while Stewart was employed or since his termination. He further stated that Natchitoches Beverage had never been a contractor or subcontractor or furnished material or performed work for the state, local, or governmental entities or any political entity of the state.
Stewart argued Natchitoches Beverage qualified as an “employer” under the Act because it admitted in a response to an interrogatory that it sold beer to the United States Army at its recreational site at Toledo Bend. The affidavit, attached to his memorandum, stated that, in addition to selling beer to the United States Army, Natchitoches Beverage sold beer and provided promotional materials to the Northwestern State University Student Union. He argued that this was the furnishing of “material” to state and federal governmental entities. The trial court disagreed, holding that Natchitoches Beverage supplied merchandise to its vendees, not materials, and that it did not qualify as an employer as contemplated by La.R.S. 46:2253(7). This appeal followed.
JaJBSUES
Stewart raises three assignments of error on appeal:
(1) The trial court erred in granting summary judgment because material issues of fact remained as to whether Natchitoches Beverage qualified as an “employer” under La.R.S. 46:2253(7).
(2) The trial court erred by granting summary judgment when it ruled that La.R.S. 46:2253(7) did not apply to the sale of beer to the State of Louisiana through Northwestern State University and the United States Government through the Army.
(3) The trial court erred by granting summary judgment when it failed to retroactively apply Acts 1997, No. 1409, § 4, which redefined the definition of “employer.”
LAW
Following the 1997 amendment of the summary judgment law, summary judgments are now favored, and shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The amendment is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, writ denied, 98-50 (La.3/13/98), 712 So.2d 882. The trial court is required to render *100 summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that ^enumerate specific facts showing a genuine issue exists for trial. La.Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.
CIVIL RIGHTS ACT FOR HANDICAPPED PERSONS
The Civil Rights Act for Handicapped Persons was enacted in 1980. Its stated purpose was:
The legislature hereby finds and declares that the state has the responsibility to act to assure that every individual within the state is afforded an equal opportunity to enjoy a full and productive life and that the failure to provide such equal opportunity, whether because of discrimination, prejudice, or intolerance not only threatens the rights and proper privileges of its inhabitants but menaces that institutions, the foundation of a free democratic state, and threatens the peace, order, health, safety, and general welfare of the state and its inhabitants.
The opportunity to obtain employment, education, housing, and other real estate and full and equal utilization of public services and programs without discrimination on the basis of a handicap is a civil right.
La.R.S. 46:2254(A) provides that, “No otherwise qualified person shall, on the basis of a handicap, be subjected to discrimination in employment....” The Act defines a “handicapped person” as “any person who has an impairment which substantially limits one or more life activities or (a) has a record of such an impairment or (b) is regarded as having such an impairment.” La.R.S. 46:2253(1). “Employer” is defined as a “person who has fifteen or more employees, or a person who, as a contractor or subcontractor, is furnishing material or performing work for the state local or governmental entity or agency or political entity of the state, and includes an agent of such a person.” La.R.S. 46:2253(7).
I.RETROACTIVE APPLICATION
In his third assignment of error, Stewart argues that the repeal of La.R.S. 46:2253(7) in 1997, evidenced a desire by the legislature to remove the restrictions on who qualifies as an “employer.” Since this change is interpretive and procedural, he argues that it should be applied retroactively instead of prospectively. We disagree.
When the legislature passed Acts 1997, No. 1409, effective August 1, 1997, its stated purpose was to consolidate all provisions dealing with employment discrimination into one chapter of law. Although the legislature repealed La.R.S. 46:2253(7), it enacted Chapter 3-A entitled “Prohibited Discrimination in Employment.” La.R.S. 23:321, located under the subchapter “Disability,” provides:
A. The provisions of this Part shall apply only to an employer who employs fifteen or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.
B. For purposes of this Part, “employer” means a person, association, legal or commercial entity, or the state, its agencies, boards, commis *101 sions, or political subdivisions receiving services from an employee and, in return, giving compensation of any kind to an employee.
C. The provisions of this Part shall not apply to employment of an individual by a parent, spouse, or child or to employment in the domestic service of the employer.
Thus, the legislature did not intend to redefine the term “employer” as indicated by Stewart. Were we to apply La.R.S. 23:321 to the facts of this case, Natchi-toches Beverage would not qualify as an employer since it did not employ fifteen employees. This assignment of error is without merit and is dismissed.
| «APPLICATION OF LA.R.S. 46:2253(7)
Natchitoches Beverage will only qualify as an employer if we find that it was either a contractor or subcontractor, “who was furnishing material or performing work for the state local or governmental entity or agency or political entity of the state.... ” La.R.S. 46:2253(7). Stewart argues that Natchitoches Beverage sold beverages to the United States Army and to the Northwestern State University Student Union, and that these beverages could be considered “materials” as used in the definition of “employer.”
The trial court held that the beer sold by Natchitoches Beverage was more in the nature of “merchandise” and not “materials.” In interpreting La.R.S. 46:2253(7), the trial court stated, “I think they’re talking more in terms of contractors and subcontractors who actually are supplying materials in the general sense of that word as opposed to merchandise in this place selling beer.” We agree. Further, Stewart’s argument glosses over the issue of whether it was a “contractor” or “subcontractor.” Natchitoches Beverage points out that “contractor” is defined in La.R.S. 37:2150.1(4):
“Contractor” means any person who undertakes to, attempts to, or submits a price or bid or offers to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, material, or equipment, or installing the same for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, or housing development, improvement, or any other construction undertaking for which the entire cost of same is fifty thousand dollars or more when such property is to be used for commercial purposes other than a single residential duplex, a single residential triplex, or a single residential fourplex. A construction project which consists of construction of more than two single presidential homes, or more than one single residential duplex, triplex, or fourplex, shall be deemed to be a commercial undertaking. The term “contractor” includes general contractors, subcontractors, architects, and engineers who receive an additional fee for the employment or direction of labor, or any other work beyond the normal architectural or engineering services. A contractor holding a license in the major classification of hazardous materials, or any subclassifications thereunder, shall be defined in terms of work performed for which the cost is one dollar or more.
“Subcontractor” is defined as “a person who contracts directly with the primary contractor for the performance of a part of the principal contract or with another subcontractor for the performance of a part of the principal contract.” La.R.S. 37:2150.1(11).
We think that the legislature intended “contractor” and “subcontractor” to be given their generally accepted meanings, and we.look to La.R.S. 37:2150.1 for guidance in interpreting those terms. After reviewing the record, we find that there are no genuine issues of material fact remaining, and that the trial court correctly granted judgment in favor of Natchitoches Bever *102 age. Accordingly, we find no merit in Stewart’s first or second assignment of error.
CONCLUSION
Finding no error, we affirm the trial court’s judgment in favor of the defendant-appellee, Natchitoches Beverage, Inc. The costs of this matter are assessed to the plaintiff-appellant, Terry Stewart.
AFFIRMED.