hAMY, Judge.
The plaintiff filed suit against the sheriff and district attorney of Calcasieu Parish seeking recovery following her detention on a warrant not withdrawn from a national database after the district attorney’s office rejected criminal charges against her. The lower court denied both a motion for summary judgment filed by the defendant sheriff, which is addressed in this opinion, and an exception of no cause of action filed by the district attorney, which is addressed in a separate discussion.[1] Both defendants sought supervisory writs in this court. Upon original review by a panel of this court, the defendants’ applications for supervisory writs were granted. The Louisiana Supreme Court granted the plaintiffs writ application and remanded bthe matter to this court for a full opinion. For the following reasons, we grant the sheriffs writ application seeking a reversal of the lower court’s ruling.
Factual & Procedural Background
This matter stems from the detention of the plaintiff, Karen E. Keller, in Harrison County, Mississippi, following a traffic stop on August 20,1995, by a sheriffs deputy of that county. During the stop, the deputy made an inquiry of the National Crime Information Center (NCIC) computer, and found that Ms. Keller had an outstanding warrant issued in Calcasieu Parish. Ms. Keller was held overnight in a detention facility in Mississippi. The affidavit of Ernest Childress, Warrants Division Supervisor at the Calcasieu Parish Sheriffs Department indicates that the Harrison County authorities contacted the sheriffs department regarding the warrant and that the Calcasieu Parish District Attorney’s Office was contacted in an attempt to verify the warrant. According to the affidavit, the district attorney’s office informed the sheriffs department that the charges for which the warrant was issued had been rejected on August .24, 1994. The sheriffs department then contacted the Harrison County authorities informing them that the charges had been refused and also contacted the NCIC and canceled the outstanding warrant entry. Ms. Keller was released on August 21,1995.
As a result of this detention, Ms. Keller filed suit on August 16, 1996 against Wayne F. McElveen, in his capacity as *806 Sheriff of Calcasieu Parish, and Samuel Ivey, in his capacity as Chief of Police for the City of Lake Charles, Louisiana. In a supplemental and amending petition, the plaintiff named Rick Bryant, in his capacity |3as District Attorney for the Fourteenth Judicial District Court in and around Calcasieu Parish, as a defendant. In this supplemental petition, she alleged, in part, as follows:
“Upon information provided by Defendant, WAYNE F. MCELVEEN, Plaintiff is informed and believes that notwithstanding the original exculpatory evidence to the contrary which was provided to Plaintiff shortly prior to the filing of the original petition herein, Defendant, RICK BRYANT, issued a fugitive warrant to the Calcasieu Parish Sheriff commanding the arrest of Plaintiff, KAREN E. KELLER, and then failed to withdraw the issuance of said order, after he decided not to prosecute the charges against the Plaintiff, causing and/or contributing to the fault of the other Defendants, WAYNE F. MCEL-VEEN, Sheriff, and SAMUEL IVEY, Chief of Police, Lake Charles, Louisiana, in failing to remove the fugitive warrant notation against Plaintiff, KAREN E. KELLER, on the NCIC computer system.”
The plaintiff sought recovery for past and future medical expenses as well as general damages.
Defendant McElveen filed a motion for summary judgment asserting that the sheriffs department had no information indicating that the charges had been refused by the district attorney until the time of Ms. Keller’s detention. Having no independent authority to remove a fugitive’s name from the NCIC, the sheriff asserted that no genuine issue of material fact existed as to the liability of his department. Further, the district attorney filed an exception of no cause of action asserting that any action/inaction of his department was performed in the furtherance of his prosecutorial function and, therefore, these actions are protected by prosecutorial immunity.
The sheriffs motion for summary judgment and the district attorney’s exception were originally argued before the lower court in February 1998, but were not decided at that time as the trial judge concluded that development of the factual Lbackground was necessary. The motion and exception were reurged before the lower court in April 1998. Additionally, the court heard the motion for summary judgment filed by the chief of police. Following the hearing, the trial court granted the motion for summary judgment filed by the chief of police, but denied both the motion for summary judgment filed by the sheriff and the exception of no cause of action filed by the district attorney.
Following the hearing, the sheriff and the district attorney each filed a writ application seeking review of the lower court’s decision. A panel of this court granted both writ applications in July 1998.[2] Upon subsequent application, the Louisiana Supreme Court used the following language in granting the plaintiffs writ application with that court: “Granted. Case is remanded to the court of appeal for briefing, argument, and opinion.” See Keller v. McElveen, 98-2327 (La.11/25/98), 729 So.2d 581. Upon instruction from the supreme court, we consider the defendants’ original writ applications anew. Although treated together by the supreme court, we will address the substance of each applica *807 tion separately as the two writ applications | Bbear separate docket numbers and have not been consolidated. The instant matter involves the writ application filed by Sheriff McElveen.[3]
Discussion
Motion for Summary Judgment Filed by Sheriff McElveen
In his original writ application to this court, Sheriff McElveen asserts that no genuine issue of material fact exists with regard to his department’s liability for the NCIC listing after charges were refused by the district attorney. Thus, he maintains that the lower court erred in denying his motion for summary judgment. In support of his motion, Sheriff McElveen filed several affidavits from department personnel. His submission first contains the affidavit of Amos LeBleu, employed in the warrants division of the department, wherein LeBleu stated that he received the warrant for Keller on August 23, 1994 and after unsuccessfully attempting to serve the warrant, he classified the plaintiff as a fugitive and entered the warrant on the NCIC computer. Sheriff McElveen also submitted the affidavit of Nancy Clau-sen, court records and bond supervisor for the department, who stated that she is the custodian for all rejection slips received from the district attorney regarding criminal charges and warrants. She stated that upon receipt of a rejection slip, the warrants division deletes the charges from the NCIC and the slip is forwarded to her for attachment to the warrant. Clausen stated in the affidavit that when notified on August 20, 1995 by Harrison County officials of Ms. Keller’s detention, her office pulled the warrant and that there was nothing indicating rejection of the charges.
| ^Sheriff McElveen’s submission also includes the affidavit of Ernest Childress, warrants division supervisor of the department, who related the receipt of the warrant, LeBleu’s attempt to serve the warrant, as well as the subsequent listing of the warrant on the NCIC. Childress further stated that August 21, 1995, after Ms. Keller’s detention, was the first time the district attorney’s office informed the department of the rejection of the charges. He stated as follows:
On August 29, 1995, the Calcasieu Parish Sheriffs Department received a letter from the District Attorney’s Office dated August 21, 1995, indicating that the criminal charges for illegal possession of stolen things against Karen Keller had been rejected on August 24, 1994. This letter from the District Attorney’s Office dated August 21, 1995, was the first and only official notice received by the Calcasieu Parish Sheriffs Department regarding the rejection of criminal charges against Karen Keller.
The August 29, 1995 notification referenced by Childress was attached to his affidavit as an exhibit.
La.Code Civ.P. art. 966(B) explains that a motion for summary judgment is properly granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” After the moving party has satisfied this initial burden, Article 966(C) indicates that “the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain.” Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. As explained by a panel of this court in Hayes, “[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the non-_|moving party7 to produce evidence of a material factual dispute mandates the *808 granting of the motion.” Id. See also Jackson v. Colvin, 98-182 (La.App. 3 Cir. 12/23/98), 732 So.2d 530. On review, summary judgments are reviewed de novo using the same criteria applied by the lower court. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, %urit denied, 98-0050 (La.3/13/98), 712 So.2d 882.
Our review of the affidavits accompanying Sheriff McElveen’s motion for summary judgment indicates that the lower court erred in refusing to grant the motion. Reference to La.Code Civ.P. art. 966 reveals that the moving party, Sheriff McElveen, must demonstrate the absence of genuine issues of material fact. The affidavits attached to the supporting memorandum indicate that, after the unserved warrant was listed on the NCIC, the first notice the sheriffs department had of the rejection of the charges was on August 21, 1995, the day after Ms. Keller was stopped in Mississippi. Furthermore, the affidavits indicate that the first formal notice of such a rejection was by way of letter from the district attorney’s office which was received on August 29, 1995, after Ms. Keller’s release. Thus, Sheriff McElveen met his initial burden of proving that his office was not informed that the charges had been rejected and, thus, had no reason to believe that the warrant should be removed from the NCIC.
After the sheriffs department met the initial burden as the moving party, the burden then shifted to the plaintiff to demonstrate the existence of genuine issues of material fact. We conclude that the plaintiff failed' to do so. We first note, that neither the plaintiffs memorandum in opposition to the summary judgment nor any attachments to that memorandum are contained in the record of this matter. Further, 1 sQnly the memorandum in opposition, absent any exhibits, was submitted to this court in the original application. Only the plaintiffs writ application to the Louisiana Supreme Court contains the exhibits attached to the plaintiffs memorandum. Our review of these documents from that application reveals that, even if entered into the record, they are inadequate to satisfy the plaintiffs burden of proving the existence of a genuine issue of material fact.
The plaintiff argued in her memorandum in opposition to summary judgment that despite the sheriffs contention that his department was never notified of the rejection of the charges, “there is significant evidence against the position taken by that Defendant that is provided by Defendant, Rick Bryant, District Attorney.” This evidence referenced by the plaintiff in her memorandum is a letter from an assistant district attorney to counsel for the plaintiff dated October 22, 1997 wherein he states as follows:
The charge of accessory after the fact was rejected on 8/18/94. The charge of possession of or receiving stolen things was rejected on 8/24/94. See rejection slip signed by Assistant District Attorney Todd Clemons enclosed. The normal procedure in rejecting the charges would have been followed: that is, copies of the rejection slip would have been hand-delivered by our runner to the jail, Detective Division, Narcotics Division, I.D., and the Information Desk at the Sheriffs Office.
This letter is not accompanied by an affidavit nor is it attached to a deposition.
La.Code Civ.P. art. 967 provides, in part, as follows:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be | flsupplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
*809 When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
(Emphasis added.)
Our review of the letter, which is not attached as an exhibit to an affidavit, would not be sufficient even if submitted to the court in affidavit form. Rather than a statement based on personal knowledge setting forth specific facts, the author of the letter, an assistant district attorney, states what “would have been followed .... ” There is nothing indicating that he possessed knowledge of the procedure followed in this specific case. Furthermore, the statement is contained in a letter and does not have the safeguards of a sworn statement contained in an affidavit. Thus, we conclude that the statements contained in this letter, are insufficient to create a genuine issue of material fact. Therefore, we find unnecessary a remand to consider whether the letter was ever entered into evidence or, alternatively, whether to actually allow the letter to be placed in the record under review. We find no other evidence that could create such an issue. Therefore, we conclude that the judge erred in this respect and reverse his denial of the motion for summary judgment filed by Sheriff McElveen.
DECREE
For the foregoing reasons, the judgment of the lower court in denying the Motion for Summary Judgment filed by Defendant Wayne F. McElveen, Sheriff is | ^reversed. Judgment is entered in favor of the defendant dismissing the plaintiffs demand against him. All costs of this proceeding are assigned to the plaintiff, Karen E. Keller.
WRIT GRANTED AND MADE PEREMPTORY.

. Although discussed separately, the writ applications by the sheriff and the district attorney are companion cases arising from the same factual background and before this court upon joint remand by the Louisiana Supreme Court. See Keller v. McElveen, 98-812 (La.App. 3 Cir. 6/2/99), 744 So.2d 643.

. In ruling upon Sheriff McElveen’s writ application, the court rendered the following language:
WRIT GRANTED AND MADE PEREMPTORY : The summary judgment evidence establishes that, at the time of Keller's arrest in Mississippi, the Calcasieu Parish Sheriff's Department had no reason to believe that the warrant for her arrest was not going to be pursued by the district attorney. There being no genuine issue of material fact as to this matter, the Department was not negligent as a matter of law, and summary judgment is hereby granted dismissing the suit, at plaintiff's cost, against the Sheriff's Department.

. For discussion of the writ application filed by the district attorney, see Keller, 98-2321, 729 So.2d 581.