STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-231

WILLIAM HENRY SANDERS

VERSUS

JESSE MOFFETT

**********
APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 32,282
HONORABLE J. P. MAUFFRAY, JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.

JUDGMENT VACATED AND REMANDED.

William Henry Sanders
P. O. Box 1363
Jena, LA 71342-1363
(318) 992-8251
Counsel for Plaintiff/Appellee
    William Henry Sanders

J. Christopher Peters
P. O. Box 2387
Jena, LA 71342-2387
(318) 992-7693
Counsel for Plaintiff/Appellee
    William Henry Sanders

**Robert G. Nida**
**Gold, Weems, Bruser, etc.**
**2001 MacArthur Drive**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellant**
    **Jesse V. Moffett, Jr.**

GREMILLION, Judge.

The defendants, Jesse and Evelyn Moffett, appeal the judgment of the trial court granting summary judgment in favor of the plaintiffs, William and Bessie Sanders and Margaret Otwell (Sanders), and setting the boundary between their properties as determined by the Sanders and Otwell surveyor. For the following reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

## FACTS

This matter began as a boundary action brought by Mr. Sanders against Mr. Moffett, concerning property owned by Mrs. Sanders, which is contained within the Charles McBride Riquet 39, Township 8 North, Range 3 East, lying within the fork made by the junction of Hemphill and Hair Creeks, in LaSalle Parish, Louisiana, known more particularly as the "forks in the creek field." Mr. Sanders' petition was later amended pursuant to court order to add his wife, Mrs. Sanders, and her mother, Otwell, as plaintiffs, and Mrs. Moffett, as a defendant in this suit.

The issue in this matter is the location of the eastern boundary of the Charles McBride Riquet, which is also the western boundary of Mr. Moffett's property, which is located in Section 29, Township 8 North, Range 3 East. The official government survey of Township 8 North, Range 3 East was performed in November 1883 and approved by the Surveyor General's Office on June 9, 1884. The field notes of George Bradford, the government surveyor in 1883, states that the east boundary of the Charles McBride Riquet followed the general meanders of the right bank of Hemphill Creek. Both parties have proven title to their respective

1

properties, and neither is claiming ownership of property located in their neighboring section.

In their petition, the Sanders alleged facts showing that the east prong of Hemphill Creek, a/k/a Hair Creek, was as "crooked as a snake," and that it was straightened by the governing body of LaSalle Parish in 1929-30, in an attempt to control flooding above the property. As a result of this action, the east prong of Hemphill Creek was moved to its present day location, west of its original course. The alteration of the creek's channel has resulted in this boundary action pertaining to the "forks in the creek field," since the Sanders allege that the field, although now located east of Hemphill Creek, is still within the Charles McBride Riquet 39. They allege that the alteration of the creek's channel has not changed the original section line as laid down by the government surveyor in 1883. The Sanders later amended their petition to plead acquisitive prescription of ten and thirty years. The Moffetts answered the petition affirmatively pleading that their respective properties are not contiguous because they are separated by a navigable body of water, Hemphill Creek.

At issue here is a motion for summary judgment filed by the Sanders. In their motion, they argue that, based on their pleadings and all evidence introduced into the record, there is no genuine issue of material fact and that the trial court should set the eastern boundary of their property as it existed prior to 1929. At the hearing on the motion, the trial court found that Hemphill Creek was not navigable and that the Sanders' and Moffetts' properties were contiguous. It further found that the boundary between Sections 39 and 24 was the boundary that existed in 1883, as established by the Sanders' surveyor, Mark Tooke. This appeal by the Moffetts

2

followed.

## ISSUES

On appeal, the Moffetts raise four assignments of error. In effect, they argue that the trial court erred in fixing the boundary between the two properties in the face of genuine issues of material fact. They further argue that the trial court erred in granting summary judgment in this matter on a motion for summary judgment which was filed prior to the filing of their answer.

## SUMMARY JUDGMENT

The standard of review in summary judgment cases is well settled, as is the fact that summary judgment is now favored pursuant to La.Code Civ.P. art. 966. The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-0050 (La. 3/13/98), 712 So.2d 882. Further, "[i]t is not the court's function on a motion for summary judgment to determine or even inquire into the merits of the issues presented." *Lexington House v. Gleason*, 98-1818, p. 6 (La.App. 3 Cir. 3/31/99), 733 So.2d 123, 126, *writ denied*, 99-1290 (La. 6/25/99), 746 So.2d 603.

After reviewing the record de novo, we find that a genuine issue of material fact remains in this matter, which is whether Hemphill Creek was navigable at the time of the 1883 government survey. If the creek was navigable at that time, then the properties in question are not contiguous and may not be subject to a boundary action. La.Civ.Code art. 784 et seq. The trial court found that the creek was not navigable at the time that Charles McBride was issued patent to the lands on

3

March 3, 1807.

Whether the creek was navigable is a material fact. Although Tooke testified that he retraced Bradford's steps, including a showing that the east prong of Hemphill Creek made a hairpin turn in 1883, he did not testify as to navigability of the creek at that time. Frank Willis, Moffett's expert, testified that he did not know when, or if at any time, the creek was navigable. Thus, we find that a material issue of genuine fact exists as to whether Hemphill Creek was navigable. If it was navigable, then the boundary stopped at the bank. If it was not navigable, then the boundary stopped at the center of the creek bed. In finding that Hemphill Creek was not navigable, the trial court inquired into the merits of the issues presented. This is a factual determination which is inappropriate on summary judgment.

Moreover, a question of fact remains with regard to the location of the creek bed in 1883. Conflicting evidence was presented as to its location at that time through the Sanders' surveyor, Tooke, and the Moffett's expert, Willis. Accordingly, we find that the trial court's grant of summary judgment and determination of the boundary was improper. This matter is remanded to the trial court for further proceedings.

As a result of this finding, the Moffett's argument that the trial court erred in granting summary judgment based on a motion which was filed prior to their filing of an answer is rendered moot. Furthermore, Sanders had filed a motion to strike part of the Moffett's brief, which was referred to the merits of this matter. The motion to strike pertained to a portion of the Moffett's reply brief, which addressed issues not raised by the Sanders in their appellate brief. Based on our finding, the

4

motion to strike is denied.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is vacated and this matter is remanded for further proceedings. The costs of this appeal is assessed to the plaintiffs-appellees, William and Bessie Sanders and Margaret Otwell.

**JUDGMENT VACATED AND REMANDED.**