# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-199

**LYON FINANCIAL SERVICES, INC., D/B/A/ THE MANIFEST GROUP**

**VERSUS**

**MCRAE FORD, INC., ET AL.**

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 65,818
HONORABLE VERNON B. CLARK, PRESIDING
**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Billy H. Ezell, Judges.

**REVERSED AND REMANDED.**

Mary Catherine Cali
Carlos A. Romanach
John C. Walsh
Shows, Cali & Berthelot
644 St. Ferdinand Street
Baton Rouge, LA 70802
(225) 346-1461
COUNSEL FOR PLAINTIFF-APPELLANT:
        Lyon Financial Services, Inc., d/b/a The Manifest Group


Robert G. Nida
Gregory B. Upton
Christopher M. Sylvia
2001 MacArthur Drive
P.O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT-APPELLEE:
        McRae Ford, Inc.

COOKS, Judge.

Showroom Master Traffic, Inc. (hereafter STM) approached McRae Ford in 1999 about purchasing a computer system for use in its business. In 1999, McRae Ford entered into a lease agreement with ACI Financial, Inc., for the computer system. This lease agreement was eventually assigned to Lyon Financial Services, Inc., d/b/a The Manifest Group (hereafter Lyon/Manifest).

A representative of STM attempted to install the system. McRae Ford contends the computer system has not been completely installed because parts integral to the functioning of the computer system were never delivered. According to McRae, without the non-delivered parts the computer system could not perform any of the tasks for which McRae leased the system. Repairs were attempted to correct the defects in the system, but it was not corrected to McRae's satisfaction. McRae then requested the system be removed from its premises. They did not pay the regularly scheduled lease payments, thereby defaulting on the lease agreement.

Lyon/Manifest filed suit against McRae Ford and STM seeking damages for past due and accelerated rent. McRae Ford filed cross claims against STM and third party demands against ACI and STM. Lyon/Manifest filed a motion for summary judgment against McRae Ford, which was denied. Shortly thereafter, McRae Ford filed its own motion for summary judgment. The trial court granted McRae's motion finding the waiver of warranty provision in the lease was unenforceable because it was against public policy. The court specifically found the waiver of warranties provision in the lease agreement was not brought to the attention of McRae Ford. Therefore, the trial court held the lease agreement was a nullity and the claim for payment asserted by Lyon/Manifest, which was based on the lease agreement, must fall.

Lyon/Manifest appealed the trial court's judgment, asserting the following assignments of error:

1.    The trial court erred when it granted summary judgment in favor of McRae Ford and against Lyon/Manifest because a genuine issue of material fact existed as to whether or not the representative of McRae Ford, Mark D. McRae, had read and/or was aware of and/or was presumed to have known about the waiver of implied warranties clause in the lease agreement, or whether or not the waiver of warranties had been brought to his attention or the waiver of warranties was presumed to have been brought to the attention of Mark McRae.

2.    The trial court erred when it held that the waiver of warranty in the lease agreement is invalid and unenforceable as against public policy, and that the entire lease agreement is a nullity and unenforceable.

## ANALYSIS

Appellate courts review summary judgments *de novo*, under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La.11/28/01), 800 So.2d 783; *Lamoco, Inc. v. Hughes*, 02-1498 (La.App. 3 Cir. 7/9/03), 850 So.2d 67, *writ denied*, 03-2603 (La. 12/12/03), 860 So.2d 1156. The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Further, "[i]t is not the court's function on a motion for summary judgment to determine or even inquire into the merits of the issues presented." *Lexington House v. Gleason*, 98-1818, p. 6 (La.App. 3 Cir. 3/31/99), 733 So.2d 123, 126, *writ denied*, 99-1290 (La. 6/25/99), 746 So.2d 603.

The trial court found the waiver of warranties in the lease was unenforceable because it did not meet the third requirement for a valid waiver of warranty, i.e., that the waiver be brought to the attention of the buyer or explained to him. The trial court found it was "clearly established that [Mark] McRae did not read the lease agreement and related documents. Rather, he testified that he 'scanned' them. Lyon/Manifest has not presented any evidence that anyone brought the waiver of warranty clause to the attention of Mark McRae or explained it to him."

Even though summary judgment procedure is favored, it is not a substitute for trial and is rarely appropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Penalber v. Blount*, 550 So.2d 577 (La.1989)*; Greer v. Dresser Indus. Inc.*, 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, *writ denied*, 98-2094 (La. 11/6/98), 728 So.2d 867; *Tucker v. Northeast Louisiana Tree Service*, 27,768 (La.App. 2 Cir. 12/6/95), 665 So.2d 672, *writ denied*, 96-63 (La. 3/8/96), 669 So.2d 404. Subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Greer*, 715 So.2d 1235; *Helwick v. Montgomery Ventures Ltd.*, 95-765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, *writ denied*, 96-175 (La. 3/15/96), 669 So.2d 424.

Based on the foregoing, we conclude at a minimum there is a genuine issue of material fact as to whether Mark McRae was aware of the waiver of warranties provision when he signed the lease agreement on behalf of McRae Ford. Therefore, this matter was not appropriate for summary judgment.

We also note there is a material issue of fact surrounding whether all the leased equipment was delivered to McRae Ford. Mark McRae signed an Equipment Acceptance and Purchase Authorization stating as follows:

> On behalf of Lessee, I hereby certify that all the Equipment referred to in the above Lease has been delivered to and has been received by the Lessee, that all installation or other work necessary prior to the use thereof has been completed, that the Equipment has been examined by the Lessee and is in good operating order and condition and is in all respects satisfactory to the Lessee, and that the Equipment is accepted by the Lessee for all purposes under the Lease.

We find genuine issues of material fact still exist on this record which render the case inappropriate for summary judgment. We, therefore, reverse the trial court's grant of summary judgment and remand for further proceedings.

**REVERSED AND REMANDED.**