NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-722

LAURA THOMAS, ET AL.

VERSUS

ELDER FOREST PRODUCTS, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84607
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

REVERSED AND REMANDED.

Joseph C. Giglio  Jr.
Liskow & Lewis
P. O. Box 52008
Lafayette, LA 70505-2008
(337) 232-7424
Counsel for Defendants/Appellees:
 Elder Forest Products, Inc.
 Don Elder

**J. Clay LeJeune**
**Attorney at Law**
**P. O. Box 1919**
**Crowley, LA 70527**
**(337) 788-1505**
**Counsel for Plaintiffs/Appellants:**
      **Laura Thomas**
      **Patricia Shaver**
      **Sherry Thomas Remillard**

**DECUIR, Judge.**

Plaintiffs appeal the trial court's grant of summary judgment in favor of defendant.

## FACTS

In June of 1994, Herbert Thomas leased a building and surrounding property to Elder Forest Products, Inc. The term of the lease was 99 years. In October of 1998, Thomas died leaving his children, Laura Thomas, Patricia Shaver, and Sherry Thomas Remillard, in possession of the property. In 2003, a fire partially destroyed a warehouse on the leased premises. Elder received $96,000 in fire insurance proceeds and built a new office building as opposed to a new warehouse. The Thomas heirs filed this suit alleging that Elder breached the lease by altering the premises without written consent, failing to turn over insurance proceeds, and not rebuilding the warehouse as it was prior to the fire. Elder filed a reconventional demand seeking damages for business interruption caused by this lawsuit and a motion for summary judgment seeking dismissal of the claims of the Thomas heirs. The Thomas heirs filed an exception of no cause of action.

The trial court granted summary judgment in favor of Elder and overruled the exception of no cause of action filed by the Thomas heirs. The Thomas heirs lodged this appeal seeking reversal of the grant of summary judgment.

## SUMMARY JUDGMENT

Appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Shroeder v. Board of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions

on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

In the present case, the lease provided that the lessor was responsible for restoring structures partially destroyed by fire. Elder by affidavit of its president, Don Elder, contends that rather than require the lessor to restore the structures Elder did so on its own. It is not clear from the face of the lease that Elder was entitled to exercise that option. The lease also provides that the lessee is not to make alterations or improvements without the written consent of the lessor. Elder's affidavit does not even address this allegation of the petition. Finally, the lease provides that Elder is to maintain fire insurance for the protection of the property and of the lessors from personal liability. Elder's affidavit indicates that it received the proceeds from a fire insurance policy and used it to build the buildings currently on the property. It is not apparent from the face of the lease whether this option was available to Elder.

After careful review, we find that there are genuine issues of material fact in dispute. Taken at face value, the submitted documents suggest that either or both of

2

the parties could be in breach of the lease.  Under these circumstances, summary judgment is not appropriate.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed.  The case is remanded for further proceedings.  All costs of these proceedings are taxed to Elder Forest Products, Inc.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.