NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1160

BIGHORN DIRECTIONAL, INC.

VERSUS

DRILLER'S MUD SYSTEMS, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-2502 C
HONORABLE ED BROUSSARD, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

REVERSED AND REMANDED.

Robert M. Francez
Voorhies & Labbé
P. O. Box 3527
Lafayette, LA 70502
(337) 232-9700
Counsel for Plaintiff/Appellee:
        Bighorn Directional, Inc.

**J. Clay LeJeune**
**Attorney at Law**
**P. O. Box 1919**
**Crowley, LA 70527**
**(337) 788-1505**
**Counsel for Defendants/Appellants:**
    **Driller's Mud Systems, LLC**
    **Tony Clark**
    **Wiley Brice**

**DECUIR, Judge.**

This is an appeal from the trial court's grant of summary judgment awarding unpaid commission to the plaintiff.

### FACTS

Curtis MacIntyre, of Bighorn Directional, Inc. (Bighorn), asked Wiley Brice, of Driller's Mud Systems, LLC (Driller's), for assistance in locating a drilling rig to sell to Forest Oil/Lantern Oil. Driller's found two rigs owned by BHL International, Inc. (BHL). Negotiations ensued and it was agreed that BHL would pay a standard 6% seller's commission. On July 18, 2008, BHL sold the rigs to Forest Oil/Lantern Oil. On that date, BHL, Bighorn, and Driller's entered into a contract entitled "Non-Circumvention Agreement," which provided that BHL would pay a 6% commission to Driller's and Driller's and Bighorn would determine how to split the commission. No written agreement was ever entered into regarding the split between Driller's and Bighorn. However, Brice sent an email to BHL indicating that he had talked to MacIntyre and that the commission would be divided 60% to Bighorn and 40% to Driller's.

The sale contract provided that Forest Oil/Lantern Oil would pay approximately 50% of the price immediately and the remaining payments would be staged throughout the contract, and BHL would forward commission payments to Driller's on the same schedule. BHL sent $865,200.00 as the first commission payment. Driller's sent $519,120.00 to Bighorn ($865,120.00 x .60). Subsequently, BHL sent payments totaling another $865,200.00 to Driller's. Driller's has not sent any further payments to Bighorn.

Bighorn filed suit seeking the remaining $519,120.00 in commission it claims it is owed. The trial court granted summary judgment in favor of Bighorn. Driller's lodged this appeal.

**DISCUSSION**

Driller's argues on appeal that the trial court erred in granting summary judgment.

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

In this case, Driller's alleges that the trial court erred in granting summary judgment because there are genuine issues of material fact in dispute. We agree.

2

The record in this case does not clearly establish the terms of any agreement between Bighorn and Driller's regarding the commission split. An email to a third party is not sufficient to establish the existence of a contract on a motion for summary judgment. Likewise, Driller's payment to Bighorn of 60% of BHL's initial payment suggests one thing if we assume that commissions were to be distributed on the same schedule as payments and another if commissions were to be distributed in some other manner. There are clearly genuine issues of material fact in dispute in this case. Accordingly, we reverse the trial court's grant of summary judgment in favor of Bighorn and remand the case to the trial court for further proceedings.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court. All costs of these proceedings are taxed to Bighorn Directional, Inc.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.