702 So.2d 818 (1997)
Virginia Ann SOILEAU, et al., Plaintiffs-Appellants,
v.
D & J TIRE, INC., et al., Defendants-Appellees.
No. 97-318.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*819 David O'Shee Walker, Alexandria, for Virginia Ann Soileau, et al.
Ann Elizabeth Lowrey, Alexandria, for State Farm Mutual Automobile Ins. Co., et al.
Howard Battle Gist, III, Alexandria, for D & J Tire Inc., et al.
Before SAUNDERS, WOODARD and GREMILLION, JJ.
WOODARD, Judge.
This appeal arises from the trial court's granting of a Motion for Summary Judgment that the defendant, Ronald L. Despino (Despino), *820 was not acting in the course and scope of his employment for D & J Tire Company Inc. (D & J) when he was traveling from work to home at the end of the business day and was involved in an automobile accident in which his truck struck the plaintiff's automobile, from the rear, causing her personal injuries. We reverse.

FACTS
On April 20, 1995, Despino was the manager of D & J, which is in the business of selling personal, commercial, and heavy equipment tires and performing maintenance work on them. Despino was paid a bonus and commission on the sales and profit from the store.
Shortly after 5:00 p.m., he closed and locked the store and got into his truck to drive home. Minutes later, while leaving the O.K. Allen bridge over the Red River on the Pineville, Louisiana side, he ran into the rear of plaintiff, Virginia Ann Soileau's automobile. There is no dispute as to Despino's liability for the accident and plaintiff's injuries.
As part of his job, Despino often received calls after work from customers and worked after hours. He carried a personal beeper and was subject to being recalled to the store to satisfy a customer's needs, if necessary, until 7:30 p.m. when he would turn it off. He listed his beeper number on his business card for that purpose. At the time of the accident, he was not in the process of responding to a customer, but he did have his beeper turned on. In essence, he was "on call."
D & J paid one-half of Despino's truck note, which he used to get to work sites, service customers, pick up supplies, and transport customers. D & J also issued him a gasoline credit card, expecting him to use the truck for company business. The Despino vehicle was insured in his own name with State Farm Mutual Automobile Insurance Company (State Farm).
On January 22, 1996, Virginia Ann Soileau and her natural parents, Aaron Paul Soileau and Debra Joann Soileau, filed suit against State Farm, D & J, and Despino. Virginia Ann Soileau alleged that Despino was negligent in causing her injuries, that he was acting in the course and scope of his employment, and that he was insured by State Farm. Her parents alleged that because of Despino's negligence, they had lost the aid, comfort, companionship, felicity, and society of their daughter, whose injuries required surgical intervention for a microdisectomy at L4-L5. D & J and State Farm answered the suit, denying the allegations. On August 28, 1996, plaintiffs filed their First Supplemental and Amending Petition, adding Audubon Indemnity Company (Audubon) as a defendant. Audubon had issued an automobile liability insurance policy to D & J. On August 30, 1996, Audubon answered the Amending Petition also denying liability.
D & J and Audubon filed a Motion for Summary Judgment on October 15, 1996, claiming that Despino was not acting in the course and scope of his employment at the time of the accident, and supporting the motion with Despino's deposition and certain business records of D & J. After hearing the arguments and reviewing the evidence, the trial judge ruled in favor of D & J and Audubon.
On January 7, 1997, the plaintiffs' Motion for Appeal was signed. These proceedings followed.

LAW
Appellants allege that the trial court erred in granting the defendant's Motion for Summary Judgment, finding that Despino was not acting in the course and scope of his employment at the time of the collision.
Appellate courts review summary judgments de novo, applying the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. *821 La.Code Civ.P. art. 966. Facts are material if they determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir. 1991), writ denied, 596 So.2d 211 (La.1992). The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
Employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. La.Civ.Code art. 2320. This vicarious liability extends only to the employee's tortious conduct, occurring while the employee is acting within the course and scope of his employment. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985). Generally, an employee is acting within the course and scope of his employment if his conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated by a purpose to serve the employer. Orgeron v. McDonald, 93-1353 (La.7/5/94); 639 So.2d 224. To determine whether the conduct of an employee is related to his employment, the court must look to several factors: the payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place, and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation to the employer that the employee would perform the act. Id.; Reed, 468 So.2d 1159.
Although "[w]hether an employee is within the course and scope of his employment is a question that is only answerable by general rules, because of the unending contexts in which the question may arise" each case must be judged on its own set of facts when determining if an act of an employee is within the course and scope of his employment. Orgeron, 639 So.2d at 226; Castille v. All American Ins. Co., 550 So.2d 334 (La. App. 3 Cir.1989), writ denied, 556 So.2d 1261 (La.1990).
Generally, an employee simply going to and from work is not within the course and scope of his employment. Vaughan v. Hair, 94-86 (La.App. 3 Cir. 10/5/94); 645 So.2d 1177, writ denied, 95-0123 (La.3/10/95); 650 So.2d 1186. That which mainly sets the instant case apart from the "just traveling to and from work" variety of cases is the fact that Despino was not simply going home from work; he was still working. In this age of information technology, employers demand much of their employees in order to be competitive in the marketplace. Businesses require employees to wear beepers for prompt and efficient customer response. This does not permit the employee the full freedom of being off the job and subjects him or her to the employer's control. At the time of the collision, Despino was duty bound to keep his beeper on and to be ready to respond to a call for the benefit, and at the expectation, of his employer. Thus, even though he was not at the physical location, commonly referred to as "the work place," and had essentially finished his duties there, at the moment of the collision, he still had another work related responsibility that was not complete until 7:30 p.m., when he could turn off his beeper, and he was answerable to his employer accordingly.
We note similarities in Watson v. Ben, 459 So.2d 230 (La.App. 3 Cir.1984), in which we held that an employer was vicariously liable for an accident which occurred when an employee of an oil field equipment rental business was traveling home from work after having "punched out" for the day, but who remained "on call" for the rest of the day; however, he did not carry a beeper. We determined that the employee was in the course and scope of his employment at the time of the accident, finding that the employer had the right to control the employee because; first, the employee was on call throughout the day; second, the employee used his truck in his employer's business, and third, the employee was being paid a set salary which included travel time.
We understand that there is a difference of opinion in the circuits [see Smith v. Rice, 613 *822 So.2d 741 (La.App. 4 Cir.1993)] regarding the issues presented in the case sub judice, but as Watson is the law in this circuit, we will follow it.
We find that the record does not support the summary judgment rendered by the trial court in favor of D & J and Audubon and remand for further proceedings.

CONCLUSION
The trial court erred in rendering summary judgment for D & J and Audubon that Despino was not acting in the course and scope of his duty for D & J at the time of the accident with the plaintiff, Virginia Ann Soileau. The trial court's judgment is reversed and this case is remanded for further proceedings. D & J and Audubon are cast for all costs of this appeal.
REVERSED AND REMANDED.