h COOKS, Judge.
Georgie M. Coco appeals the judgment of the trial court denying her motion for summary judgment. For the following reasons, we reverse.
FACTS
On April 13, 1996, a tree limb fell on West University Avenue as the result of a storm. The tree was located on the property of Georgie M. Coco. Officer Anthony Ashy was called to the scene because the tree limb was obstructing traffic. Officer *98 Ashy walked onto West University Avenue to replace a flare in the roadway that had fallen. The area where the flare had fallen was approximately fifty feet from where the tree limb was lying in the street. Immediately after replacing the flare, Officer Ashy was struck by an automobile driven by Chanda Migues. Officer Ashy suffered serious injuries as a result of the accident.
A Petition for Damages was filed by Officer Ashy and his wife, naming a | ?number of parties as defendant, including Georgie Coco. A third party demand and a cross-claim were also filed against Ms. Coco by other defendants. Ms. Coco filed a motion for summary judgment, offering into evidence a portion of the deposition of Officer Ashy and a portion of the deposition of Officer Kyle Monceaux. No memorandums in opposition were filed by any party. The trial judge denied the motion for summary judgment in open court. This court denied writs on September 29, 1999. Ms. Coco then sought writs from the Louisiana Supreme Court. On February 4, 2000, the Supreme Court granted writs, and remanded the case to this court for briefing, argument and opinion.
On March 13, 2000, Ms. Coco filed a motion to supplement the record, requesting to add a portion of the deposition of Chanda Migues. The motion was referred to the merits, and after consideration we grant her request. We note at the hearing on the motion for summary judgment, plaintiffs’ counsel state d rather than filing opposition to the motion, he would “introduce the entire file into evidence, which contains all the depositions that have been taken.” Accordingly, we will review the referenced portion of Chanda Migues’ deposition as part of the record in this case.
ANALYSIS
Appellate courts are required to review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup’rs, 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. With the recent amendments to La.Code Civ.P. art. 966, summary judgment is now favored. It is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Article 966(B).
13After reviewing the entire record, including the supplemented portion of Chanda Migues’ testimony, we find the trial court erred in denying the motion for summary judgment. In denying the motion, the trial court obviously believed a real possibility existed that the presence of the tree had an effect on the actions of Chanda Migues. The trial court stated:
But suppose she’s distracted? Suppose the reason she hits the officer is because she sees something in the road that distracts her? She’s not watching where she’s going, and so she hits the officer.
I mean, it seems to me that there are a lot of questions about what role this tree limb may have played in the motorist’s action. And, clearly, it was the motorist’s action that caused this police officer to be injured.
So, you know, I understand what you’re saying about intervening cause. There was certainly some intervening negligence on the part of this motorist. But is that intervening cause so separate from the presence of the tree limb that this Court can say, as a matter of law, it was not a cause in fact?
[[Image here]]
Because, you know, I feel — and, again, you know, it’s based on all of the evidence that I’ve reviewed in this matter — that there is a factual issue involved here, which is the question of the relationship between the presence of this limb and his injury. And I feel that *99 it does preclude summary judgment in this matter.
However, Chanda Migues’ candid admissions negate the possibility that the tree played any part in her actions behind the wheel immediately prior to the accident. She testified as follows:
Q. And where was it along that route that your windows fogged?
A. I was on Johnston, as I was turning onto University.
Q. Your windows fogged. Is that where it was?
A. Uh-huh (yes). And I flipped the switch.
Q. Your answer is yes, that’s where it was?
A. Yes.
Q. Did you do anything else in connection with your driving once your windows fogged, other than flip the switch? A. No.
|4Q. Do you have any explanation why you did not see the officer before you struck him?
A. It was raining. I didn’t see. It was foggy, I could see the lights. I could see that it was a car, cop lights, cop lights. I saw three (3) sets of headlights. But as far as there being any obstacle in my way, I could not see.
Q. Do you have an explanation as to why you could not see that?
A. No.
Q. You don’t know whether it was the windshield condition or what?
A. There’s — It was — the window was foggy. I mean, it was on the inside, fog; it wasn’t an outside fog.
Q. Right. Was that what kept you— you believe that’s what prevented you from seeing the officer before you struck him?
A. I believe it’s the fog and the rain.
Q. The outside fog?
A. The inside fog and the rain outside.
Ms. Migues’ testimony clearly relates her failure to see the officer to the inside fog which caused her windshield to haze and the rain outside which further obstructed her outside view. We did not have the benefit of Ms. Migues’ deposition testimony when we denied writs previously. That testimony eliminates any material issue of fact regarding the fallen tree’s connexity with the accident and the legal responsibility of its owner. Therefore, summary judgment is appropriate in this case.
DECREE
The writ is granted. The judgment denying the motion for summary judgment is reversed and summary judgment is entered in favor of Georgie M. Coco. Plaintiffs’ action against this defendant is dismissed with prejudice at plaintiffs’ costs’.
REVERSED AND SUMMARY JUDGMENT GRANTED.