| WOODARD, J.,
dissenting.
I respectfully dissent from the majority’s opinion.
Summary judgments from district courts must be reviewed de novo with due regard for the substantive law that is relevant to the issues. Soileau v. D & J Tire, Inc.,[1] which is the controlling law of our circuit on the instant issue, is not discussed in the opinion.
In Soileau, an employee worked for a company which sold personal, commercial, and heavy equipment tires, as well as performed maintenance work on them. On the date of the accident, the employee for D & J had closed and locked up shortly after 5:00 p.m. When the employee left the work place, he had to be accessible to his employer until 7:30 p.m. He wore a beeper and kept it on until 7:30 p.m. for that purpose and knew that he was subject to being called back to work during this time.
1 ^Shortly after leaving the office at 5:00 p.m., the employee was involved in an automobile accident. He was .not responding to a call or doing anything, specifically, in the furtherance of company business. The plaintiffs filed suit against him and his employer, alleging that the employee was in the course and scope of his employment at the time of the collision. We agreed. Thus, under Soileau, the fact that an employee maybe “on-call” or subject to being called back, places him/her .to be in the course and scope of his/her employment.
Considering Soileau, we turn to the facts in the record. Mr. Michael Adams testified that he worked from 6:00 a.m. to 6:00 p.m., was “on call” for the remaining period, was paid for twenty-four-hour service to the company, and was required to live at the job site for his fourteen or twenty-one-day hitch. Mr. Curtis War-rach, the base supervisor, testified that, at the time of the accident, Mr. Adams was not subject to his employer’s control nor was he on twenty-four-hour call and subject to being called to immediately return to work. Further, in the event that an employee was needed to work between shifts, that employee would be advised pri- or to leaving. Finally, any plans, regarding that employee’s need to return to work prior to his next shift beginning, would be made in advance.
Thus, on the key question whether Mr. Adams was “on call” and subject to his employer’s control, I find a disputed issue of material fact in the record which requires that we reverse the trial court’s summary judgment and remand the case for further proceedings. As these issues were not discussed in the majority opinion, I respectfully dissent.

. 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.