STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-422

PETER L. LORIO, III

VERSUS

STATE OF LOUISIANA, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 192,434
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.

REVERSED AND REMANDED.

Louis Wellan
P. O. Box 12323
Alexandria, LA 71315
(318) 443-9917
Counsel for Plaintiff/Appellant
        Peter L. Lorio, III

Robert Lewis Bussey
Bussey & Lauve
P. O. Box 307
Alexandria, LA 71309-0307
(318) 449-1937
Counsel for Defendant/Appellee
        Rapides Parish Police Jury

**Monique Freeman Rauls**
**Asst. Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309-1710**
**(318) 487-5944**
**Counsel for Defendant/Appellee**
      **State of LA.,  DOTD**

GREMILLION, Judge.

The plaintiff, Peter L. Lorio, III, appeals the judgment of the trial court granting summary judgment in favor of the defendant, State of Louisiana, through the Department of Transportation and Development (DOTD). For the following reasons, we reverse and remand the matter for further proceedings.

**FACTS**

On November 20, 1997, at approximately 10:30 p.m., Lorio was traveling north on Old Baton Rouge Highway, also known as LA 1208-1, in Rapides Parish, Louisiana. As he approached the intersection of Old Baton Rouge Highway with U.S. Highway 71, he came upon a severe left-hand curve, but was unable to complete the turn due to the absence of signage or markers indicating the presence of the curve or the intersection with Hwy 71. Lorio suffered injuries as a result of this accident and filed suit against DOTD and the Rapides Parish Police Jury for their failure to safely maintain and regulate this road. Both DOTD and the Police Jury denied responsibility for the accident. DOTD further filed a motion for summary judgment arguing that Old Baton Rouge Highway was not part of the State highway system, thus, it was not responsible for maintaining Old Baton Rouge Highway. In support of its motion, DOTD introduced an affidavit by Robert Gunter, a District Maintenance Engineer for DOTD in Rapides Parish, who stated, "based upon personal knowledge, the Old Baton Rouge highway is not in the State Highway system and the State does not maintain same."

Three hearings were held on the motion for summary judgment. At the close of the first hearing, on January 8, 2001, the trial court continued the hearing for

1

discovery until January 22, 2001. At the hearing on that date, the trial court granted the motion for summary judgment in favor of DOTD, finding that there was an intent on the part of DOTD to transfer the road at issue to the Police Jury, and that the Police Jury had been maintaining the road since 1993. However, the trial court allowed Lorio additional time for discovery and scheduled the matter for rehearing on February 26, 2001.

The matter was not heard again until September 23, 2002. At that time, Lorio introduced an affidavit by Cecil Raggio, the Maintenance Director for Rapides Parish, which stated that the entire intersection and curve involved in this accident were within the frontage road right of way of the State, and that DOTD maintains and is responsible for signage at the intersection since it is within its right of way. At the close of argument, the trial court granted DOTD's motion and rendered judgment in its favor. This appeal by Lorio followed.

## ISSUE

On appeal, Lorio argues that the trial court erred in finding that no genuine issue of material fact existed with regard to whether DOTD owned or maintained that portion of Old Baton Rouge Highway involved in this accident.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P.

2

art. 966(B) and (C). Judgment will be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. La.Code Civ.P. art. 966(B). If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. La.Code Civ.P. art. 966(C)(2). Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

After performing a de novo review of the record, we find that a genuine issue of material fact does exist with regard to whether DOTD owns or maintains that portion of Old Baton Rouge Highway involved in this accident. DOTD submitted Gunter's affidavit, which stated, "Affiant further asserts that based upon personal knowledge, the Old Baton Rouge highway is not in the State Highway system and the State does not maintain same." This is the extent of Gunter's affidavit. DOTD also introduced into evidence a Transfer and Acceptance dated May 11, 1993, in which the Police Jury accepted the operation and maintenance of "All that portion of LA 1208-1 beginning at the barricade at Route US 71 at Chambers, thence northerly 3.44 miles to the junction with the Route I-49 frontage road at the Routes I-49 and US 71 Interchange at Willow Glen." In exchange, DOTD took over the operation and

3

maintenance of Robertson Bridge Road. DOTD also introduced into evidence the Police Jury's maintenance records pertaining to Old Baton Rouge Highway, from February 1995 through December 29, 1997.

In opposition to DOTD's motion, Lorio introduced answers to interrogatories and Raggio's affidavit. In his affidavit, he states:

> I am not qualified to state whether or not the Old Baton Rouge Highway (La. 1208-1) was legally transferred from the State of Louisiana to the Rapides Parish Police Jury in May, 1993. This transfer would extend to the point where the Old Baton Rouge Highway intersects the state right of way for the U.S. 71 and I-49 frontage road. I have examined the site and the right of way markers, including the marker depicted in the photograph attached hereto. The entire intersection and the curve in the Old Baton Rouge Highway leading to this intersection is entirely within the frontage road right of way of the State of Louisiana. The Louisiana Department of Transportation maintains and is responsible for the signage at this intersection because it is within the right of way owned by the Louisiana Department of Transportation.

> The attached photographs of the curve and the intersection depict the change in road surface where the right-of-way line ends, the new road overlay begins on the portion of roadway within the state right of way. This curve is more severe and closer to the intersection than it should be for an arterial roadway or for a road with speed limits over twenty-five miles per hour and would not satisfy parish safety standards. The installation of this curve and intersection predated May, 1993, and the design and installation was carried out by the State of Louisiana, not the Rapides Parish Police Jury.

Lorio also introduced into evidence several DOTD forms dealing with the transfer of Old Baton Rouge Highway to the Police Jury. Form 1104, dated January 27, 1993, entitled "CHANGES IN STATE MAINTENANCE SYSTEM," ordered the following change in the state maintenance system:

> DISCONTINUE: From the barricade at Route US 71 at Chambers, thence northerly 3.44 mile to the junction with the Route I-49 Frontage Road at the Routes I-49 and US 71 Interchange at Willow Glen. (Transfer 3.44 miles to the Rapides Parish Police Jury.

4

REVISED MAINTENANCE: From the junction with the Route I-49 East Frontage Road at the Routes I-49 and the US 71 Interchange at Willow Glen, thence northerly 4.34 miles to the junction with Route LA 1 on Willow Glen at Third Street in Alexandria.

PURPOSE: Exchange of roads with the Rapides Parish Police Jury on authority of letter dated November 10, 1992 from General Jude W. P. Patin, Secretary, Department Transportation and Development, to Senator Joe McPherson.

Form 1103, dated February 1, 1993, entitled "CHANGES IN STATE HIGHWAY

SYSTEM," ordered the following revision to La. 1208-1:

| | |
|---|---|
| Revised Description: | In Alexandria from a junction with LA-US 71 between I-49 and Bayou Robert, thence along the frontage road of the US 71-I-49 Interchange, along New York Avenue, and along Willow Glen Road to a junction with LA 1. |
| Purpose: | To revise description as per road exchange with the Rapides Parish Police Jury. |
| Authority: | Rapides Parish Police Jury resolution of June 9, 1992 and DOTD letter of November 10, 1992. |

A second Form 1103, dated February 1, 1993, eliminated La. 1208-1and stated:

| | |
|---|---|
| Eliminate: | From a junction with LA-US 71 at Moreland northerly to a junction with the LA-US 71 frontage road at the I-49 Interchange. |
| Purpose: | To eliminate the portion of route in the above function class due to an exchange of roads with the Rapides Parish Police Jury. |
| Authority: | Rapides Parish Police Jury resolution of June 9, 1992 and DOTD letter of November 10, 1992. |

At the close of argument, the trial court stated:

The court will maintain the motion for summary judgment. If the state doesn't own it, then the parish has to own it. So, at this point if it's not one governmental body, it will be the other one. But, I can't believe that it's been this long and we, three hearings on the same issue and still

5

> we have no idea who owns the road at what time. I mean, you know, the parish says it does or doesn't, and the state says it doesn't. So I'm going to go with the state at this point and grant the motion and we'll just have to go from there.

Even the trial court's statement indicates that there is a genuine issue of material fact with regard to the ownership of the road. Moreover, Raggio's affidavit presents a genuine issue of material fact on the issue of whether DOTD was maintained or even owned that portion of Old Baton Rouge Highway where Lorio's accident occurred. Whether that portion of the road was within DOTD's right of way of the US 71 and I-49 frontage road is a question of fact. Raggio's affidavit is in contrast to the very brief affidavit of Gunter, who merely states that, to his personal knowledge, the road is no longer in the state highway system and that DOTD no longer maintains it. Since there is a genuine issue of material fact remaining in this matter, the trial court's grant of summary judgment in favor of DOTD was improper.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings. The costs of this appeal are to be held in abeyance until the final outcome of this matter.

**REVERSED AND REMANDED.**

6