NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1214

JEFFREY K. CARBO

VERSUS

ROBERT E. LUCKY, JR., ET AL.

**********

APPEAL FROM THE
NATCHITOCHES CITY COURT
PARISH OF NATCHITOCHES, STATE OF LOUISIANA
DOCKET NUMBER 25,685-10
HONORABLE FRED S. GAHAGAN, CITY COURT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

MOTIONS TO STRIKE GRANTED; AFFIRMED.

Ronald E. Corkern, Jr.
Corkern, Crews & Guillett, LLC
P. O. Box 1036
Natchitoches, LA 71458-1036
(318) 352-2302
COUNSEL FOR DEFENDANT/APPELLEE:
       Robert E. Lucky, Jr.

**Edwin Dunahoe**
**Dunahoe Law Firm**
**P. O. Box 607**
**Natchitoches, LA 71457**
**(318) 352-1999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Pat Henry, Jr.**

**Richard A. Rozanski**
**Wheelis & Rozanski, APLC**
**P. O. Box 13199**
**Alexandria, LA 71315-3199**
**(318) 445-5600**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jeffrey K. Carbo**

**DECUIR, Judge.**

Jeffrey Carbo appeals a judgment of the trial court denying his motions to compel discovery and granting summary judgment in favor of Robert Lucky and Pat Henry.

## FACTS

On or about September 30, 1999, Carbo purchased a painting entitled "Baptism on Cane River" from Lucky for $6,500.00. Lucky indicated that the work was by the artist Clementine Hunter and that he had acquired it from Amalie Rachal. In November 2009, Carbo learned that Clementine Hunter forgeries had begun to surface. Consequently, he had his painting examined by Thomas N. Whitehead, a purported expert on Hunter's work.

Whitehead was unable to authenticate the painting as the work of Hunter. On November 24, 2009, Carbo presented Lucky with a letter making formal demand for a refund of the purchase price on the basis that the work was not an authentic Hunter. Lucky responded, through his attorney, Ronald E. Corkern, Jr., with a letter indicating Lucky had acquired the painting from Mr. and Mrs. Pat Henry, Jr. Henry confirmed that he had sold eighteen Hunter paintings to Lucky for $10,000.00.

Conversation between the parties continued involving settlement, a refund check, a confidentiality agreement, etc. Subsequently, Lucky was indicted by federal prosecutors for selling fraudulent Hunter paintings. Conversation ceased between the parties, and Carbo filed suit for redhibition and damages against Lucky and Henry.

In interrogatories, Carbo sought confirmation of the conversations between the parties from Henry. Henry declined on the basis of La.Code Evid. art. 408, alleging the conversations were part compromise or settlement negotiations. Carbo

filed a motion to compel discovery. The trial court denied the motion. Henry and Lucky subsequently filed motions for summary judgment which were granted by the trial court. Carbo lodged this appeal alleging five assignments of error. These assignments may be consolidated into two allegations. In addition, Henry and Lucky filed motions to strike the contents of Appendix I of Carbo's brief to this court.

## MOTION TO STRIKE

Henry and Lucky seek to have this court strike the contents of Appendix I of Carbo's brief to this court. They allege that this material is outside the record of this case and should be stricken. The material included in Appendix I is dated August 8, 2011. This is after judgment was rendered in this case and, therefore, could not be a part of the record. Accordingly, we grant the motions to strike filed by Henry and Lucky. The material is not properly before this court.

## MOTION TO COMPEL DISCOVERY

Carbo first alleges that the trial court erred in denying the motion to compel discovery from Henry.

Generally, the trial court is granted broad discretion in its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. *Tran v. Williams,* 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 1224. In this case, the trial court agreed with Henry that the material sought was not admissible under La.Code Evid. art. 408. Specifically, the trial court found that evidence regarding compromise or settlement cannot be used to prove liability. Article 408 allows evidence to be admitted if it is to be used to establish something other than liability. The trial court was not persuaded by Carbo's argument that the evidence should be admitted for other purposes.

2

Like the trial court, we find the motion to compel discovery is just an attempt by Carbo to use compromise and settlement negotiations to establish liability. Accordingly, we find no abuse of discretion in the trial court's denial of Carbo's motion to compel discovery from Henry.

## MOTIONS FOR SUMMARY JUDGMENT

Carbo next alleges that the trial court erred in granting the motions for summary judgment in favor of Henry and Lucky.

At the outset, we note that, on appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. *Id.* Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

In this case, the trial court found that Carbo failed to produce any evidence to suggest that he will be able to meet his evidentiary burden at trial. After

reviewing the record, we are compelled to draw the same conclusion. Carbo produced only the unsworn letter of the alleged expert Thomas Whitehead, a magazine article, and a notarized receipt showing Lucky claimed to have purchased the painting from Rachal. While the receipt disputes Lucky's current contention that he purchased the painting from Henry, it is not material to the question of the painting's authenticity. The painting's alleged inauthenticity is the basis for Carbo's claim. Carbo's failure to produce evidence of a material factual dispute mandates the granting of the motions for summary judgment. *Babin v. Winn-Dixie Louisiana, Inc.,* 00-78 (La. 6/30/00), 764 So.2d 37. This assignment of error has no merit.

## DECREE

For the foregoing reasons, the motions to strike are granted. The judgments of the trial court on the motion to compel discovery and the motions for summary judgment are affirmed. All costs of these proceedings are taxed to appellant, Jeffrey K. Carbo.

**MOTIONS TO STRIKE GRANTED; AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.