STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-632

DANIEL MILBERT, ET AL.

VERSUS

ANSWERING BUREAU, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20097787
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion, Judges.

Cooks, J., dissents and assigns written reasons.

Gremillion, J., concurs and assigns written reasons.

AFFIRMED.

R. Ray Orrill, Jr.
Leslie A. Cordell
W. Christopher Beary
Orrill, Cordell & Beary, LLC
330 Carondelet Street
New Orleans, LA 70130
(504) 299-8724
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Daniel Milbert
    Kerri Chatelain
    Mason Milbert

**James H. Gibson**
**Allen & Gooch**
**P. O. Drawer 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Answering Bureau, Inc.,**
      **Individually and d/b/a Dexcomm**

**DECUIR, Judge.**

In this medical malpractice case, the plaintiffs appeal the trial court's grant of summary judgment in favor of Answering Bureau, Inc. d/b/a Dexcomm (Dexcomm).

## FACTS

On September 2, 2008, Daniel Milbert (Milbert) fell off a roof and broke his ankle. On September 4, 2008, Dr. Thomas Montgomery performed surgery to repair the ankle at Lafayette General Medical Center (LGMC). That same day Dr. Todd Ackal placed a pain pump. On September 5, 2008, Milbert was discharged.

On September 6, 2008, Milbert and his wife reported increased pain to Dr. Scott Yerger, the doctor on call for Dr. Montgomery. Dr. Yerger instructed them to call back if the pain worsened. On September 7, 2008, the Milberts attempted to reach Dr. Yerger, but were required to leave a message with Dexcomm. When the Milberts failed to hear from Dr. Yerger, they went to the LGMC emergency room at 4:16 p.m. The Milberts continued to try to reach Dr. Yerger through Dexcomm, until they were informed that Dexcomm would not forward messages since they were already in the emergency room. Milbert was evaluated by an emergency room physician at approximately 7:15 p.m. and diagnosed with compartment syndrome. Dr. Yerger performed surgery that evening.

On August 8, 2009, the Milberts filed a medical review panel proceeding against Dr. Ackal, Dr. Yerger, and LGMC. The Milberts filed suit against Dexcomm on December 23, 2009. Dexcomm filed a motion for summary judgment alleging that prescription had tolled. The trial court agreed and granted Dexcomm's motion. The Milberts' lodged this appeal.

DISCUSSION

At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. We next must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id*. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id*.

"Facts are material if they determine the outcome of the legal dispute." *Soileau*, 702 So.2d at 821. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id*.

The Milberts first contend that the trial court erred in finding that the running of prescription was not suspended pursuant to La.R.S. 40:1299.47(A)(2)(a). The trial court found that the Medical Malpractice Act did not suspend prescription in this case because Dexcomm is not a healthcare provider covered by the Act. La.R.S. 40:1299.41(A)(10). Moreover, they are not solidary or joint obligors with

2

a healthcare provider. After reviewing the record, we reach the same conclusion. Thus, this assignment is without merit.

The Milberts' final argument is that prescription was interrupted on the basis of *contra non valentum*. Specifically, they allege that they were not aware until November 2009 that Dexcomm failed to forward their messages to the doctors. This is directly disputed in the Milberts' medical review panel complaint, wherein they acknowledge being told that Dexcomm failed to forward calls made after the Milberts reached the emergency room. Accordingly, the Milberts were not prevented from timely bringing suit due to circumstances beyond their knowledge or control. This assignment has no merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants.

**AFFIRMED.**

DANIEL MILBERT, ET AL.

VERSUS

ANSWERING BUREAU, INC.

**COOKS, J., dissenting.**

I respectfully dissent from the decision to affirm the trial court's grant of summary judgment finding there were no genuine issues of material fact as to whether the suit brought by Plaintiffs prescribed.

I note initially that there is no dispute Plaintiffs timely filed a claim with the medical review panel on August 28, 2009 against several qualified healthcare providers. Under Louisiana law, this filing suspends the running of prescription against "all joint tortfeasors, including but not limited to providers, both qualified and not qualified to the same extent that prescription is suspended against the party or parties that are subject of the request for review." La.R.S. 40:1299.47(A)(2)(a). This suspension of prescription against joint tortfeasors continues **for ninety days following the notification of an opinion or dismissal of the medical review panel.** Plaintiffs suit against Dexcomm filed on December 23, 2009, was well within the time during which prescription was suspended from running against any alleged joint tortfeasor. Thus, if Dexcomm is a joint tortfeasor, the suit against them was timely.

The majority initially declares, without discussion, that Dexcomm is not a healthcare provider covered by the Act. The concurring opinion correctly states that prescription can be suspended against a joint tortfeasor, even if that joint tortfeasor is a "non-healthcare provider." As set forth above, La.R.S. 40:1299.47(A)(2)(a) specifically provides the filing of the medical review panel

suspends the running of prescription against all joint tortfeasors, including non-healthcare providers. Thus, Dexcomm, if it is established it is a joint tortfeasor, is covered under the Act.

Plaintiffs contended Dexcomm was a joint tortfeasor due to Dexcomm's failure to communicate any of the Plaintiffs' calls to their treating physician on Sunday, which led to a five hour delay before Mr. Milbert's medical emergency of "compartment syndrome' was first noted by an emergency room physician. Plaintiffs also allege failure on the part of the emergency room staff and physicians, including Dr. Yerger, to timely assess, examine, diagnose and treat the surgical emergency. It was learned during discovery that Dr. Yerger had not been forwarded any messages from Dexcomm, despite a message from him to Dexcomm on Sunday to notify him, personally, if the Plaintiffs called him again. Thus, Plaintiffs named Dexcomm as a joint tortfeasor alleging it failed to timely contact the on-call physician, causing or contributing to a critical delay in diagnosis and emergency treatment of Mr. Milbert's compartment syndrome injuries.

The majority opinion concludes, without explanation, that Dexcomm is not a joint tortfeasor in this matter. The concurring opinion agrees with this conclusion, explaining that "in order to fall within the terms, conditions, and limitations found in the Medical Malpractice Act, the claims against an alleged 'joint tortfeasor' must sound in medical malpractice and not in ordinary negligence." I am admittedly confused as to what this conclusion means. It would appear to imply that non-healthcare providers, who by the nature of their job description do not take part in activities that "sound in medical malpractice," can never be joint tortfeasors with healthcare providers. Further, the concurring opinion finds that Dexcomm's failure to properly and timely relay telephone messages "may well be negligent, but it is clearly not medical malpractice," and therefore cannot serve to

jointly link its conduct with the healthcare providers' failures in timely assessing and treating Plaintiff's condition.

To suggest that Dexcomm could not foresee that its negligent failure to convey a recent surgery patient's calls to his surgeons (particularly considering one of the surgeons specifically instructed Dexcomm to notify him should Plaintiffs call) could have serious medical consequences for the patient, for which it could be jointly liable, flies in the face of Louisiana law. Dexcomm argument that it could not be a joint tortfeasor in a medical malpractice case because of "the lack of any relationship, contractual or otherwise, between Dexcomm and the Milberts" equally is nonsensical and contrary to the duty/risk analysis undertaken under Louisiana law. This lack of privity has absolutely nothing to do with determining whether Dexcomm's failure to act combined with the negligence of the healthcare providers in bringing about the harm suffered by Plaintiff. Louisiana Civil Code article 2324(B) provides in pertinent part:

> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation.

The critical inquiry here is whether the answering service's negligence in failing to call and alert Dr. Yerger combined with the healthcare providers' negligence in *causing* Plaintiffs' damages, which allegedly resulted from a delay in assessment and treatment of his ongoing condition. If so, they are jointly and divisibly liable. This is a question of fact that does not turn on Dexcomm's status as non-healthcare providers or whether its negligence sound in medical malpractice or ordinary negligence.

Therefore, the grant of summary judgment in this matter was in error and I would reverse the trial court's judgment and remand for further proceedings.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-632

DANIEL MILBERT, ET AL.

VERSUS

ANSWERING BUREAU, INC.

**GREMILLION, Judge, concurs and assigns written reasons.**

The alleged malpractice in this matter occurred on September 7, 2008. Dexcomm was sued on December 23, 2009. Thus, on the face of the petition, the suit against Dexcomm is prescribed, and it must be so adjudged unless the plaintiff carries his burden to prove otherwise. He attempts to do so by pointing this court to La.R.S. 40:1299.47(A)(2)(a) which provides, in pertinent part, as follows:

> The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to healthcare providers, both qualified and not qualified…."

It is beyond dispute that the plaintiff timely requested a medical review panel against a number of qualified healthcare providers. It is also beyond question that the running of prescription against all "joint tortfeasors" (as that term is intended in the Medical Malpractice Act) was suspended at the time the defendants brought suit against Dexcomm. Therefore, the issue here is whether Dexcomm is (or even could be) a "joint tortfeasor" along with the doctors and hospital against whom proceedings were initially initiated. Because I concluded that it is not and could not be, I concur with Judge Decuir's majority opinion. However, because I find the majority opinion is too restrictive of potential joint tortfeasors, I write in concurrence.

Dexcomm styles the issue as follows: whether a timely-filed medical review panel complaint suspends prescription pursuant to La.R.S. 40:1299.47(A)(2)(a) against a **non-healthcare provider** joint tortfeasor. My reading of that law suggests to me that prescription could, in fact, be suspended against a joint tortfeasor, even if that joint tortfeasor was a "non-healthcare provider." Again, the act expressly says that while the suspension of the running of prescription applies to "healthcare providers" it is "not limited" to healthcare providers. Accordingly, I find the majority opinion's strict adherence to the definition of "healthcare provider" found in the Medical Malpractice Act to be misplaced.

I must frankly admit that I do not understand exactly which "non-healthcare providers" were contemplated by the legislature when they passed this provision. However, I find that in order to fall within the terms, conditions, and limitations found in the Medical Malpractice Act, the claims against an alleged "joint tortfeasor" must sound in medical malpractice and not in ordinary negligence. Dexcomm is accused of not properly and timely relaying a telephone message. That may well be negligent, but it is clearly not medical malpractice.

I am unpersuaded by the plaintiff's arguments regarding *contra non valentum*, and I ascribe to the reasons provided by Judge Decuir in that regard.

I concur in the result reached by the majority.

2