DECUIR, Judge.
|,In this medical malpractice case, the plaintiffs appeal the trial court’s grant of summary judgment in favor of Answering Bureau, Inc. d/b/a Dexcomm (Dexcomm).
FACTS
On September 2, 2008, Daniel Milbert (Milbert) fell off a roof and broke his ankle. On September 4, 2008, Dr. Thomas Montgomery performed surgery to repair the ankle at Lafayette General Medical Center (LGMC). That same day Dr. Todd Ackal placed a pain pump. On September 5, 2008, Milbert was discharged.
On September 6, 2008, Milbert and his wife reported increased pain to Dr. Scott Yerger, the doctor on call for Dr. Montgomery. Dr. Yerger instructed them to call back if the pain worsened. On September 7, 2008, the Milberts attempted to reach Dr. Yerger, but were required to leave a message with Dexcomm. When the Milberts failed to hear from Dr. Yer-ger, they went to the LGMC emergency room at 4:16 p.m. The Milberts continued to try to reach Dr. Yerger through Dex-comm, until they were informed that Dex-comm would not forward messages since they were already in the emergency room. Milbert was evaluated by an emergency room physician at approximately 7:15 p.m. and diagnosed with compartment syndrome. Dr. Yerger performed surgery that evening.
On August 8, 2009, the Milberts filed a medical review panel proceeding against Dr. Ackal, Dr. Yerger, and LGMC. The Milberts filed suit against Dexcomm on December 23, 2009. Dexcomm filed a motion for summary judgment alleging that prescription had tolled. The trial court agreed and granted Dexcomm’s motion. The Milberts’ lodged this appeal.
1 .DISCUSSION
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Bd. of Sup’rs. of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
*1287 The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, writ denied, 98-50 (La.3/13/98), 712 So.2d 882. We next must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
“Facts are material if they determine the outcome of the legal dispute.” Soi-leau, 702 So.2d at 821. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Id.
The Milberts first contend that the trial court erred in finding that the running of prescription was not suspended pursuant to La.R.S. 40:1299.47(A)(2)(a). The trial court found that the Medical Malpractice Act did not suspend prescription in this case because Dexcomm is not a healthcare provider covered by the Act. La.R.S. 40:1299.41(A)(10). Moreover, they are not solidary or joint obligors with |sa healthcare provider. After reviewing the record, we reach the same conclusion. Thus, this assignment is without merit.
The Milberts’ final argument is that prescription was interrupted on the basis of contra non valentem. Specifically, they allege that they were not aware until November 2009 that Dexcomm failed to forward their messages to the doctors. This is directly disputed in the Milberts’ medical review panel complaint, wherein they acknowledge being told that Dexcomm failed to forward calls made after the Mil-berts reached the emergency room. Accordingly, the Milberts were not prevented from timely bringing suit due to circumstances beyond their knowledge or control. This assignment has no merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.
GREMILLION, J., concurs and assigns written reasons.