# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-146


**DOUGLAS W. BARTON**

**VERSUS**

**WAL-MART STORES, INC.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 258,628
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**REVERSED.**

**Thomas Benjamin Moyse Wahlder**
**Attorney at Law**
**P. O. Box 543**
**Alexandria, LA 71309**
**(318) 442-9417**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Douglas W. Barton**

**Andrew Parker Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Douglas W. Barton**

**Gregory B. Odom, II**
**Chadwick & Odom, LLC**
**P. O. Box 12114**
**Alexandria, LA 71315**
**(318) 445-9899**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Wal-Mart Louisiana, LLC**

**GREMILLION, Judge.**

Before the court comes the appeal of Mr. Douglas W. Barton, who protests the summary judgment granted in favor of Appellee, Wal-Mart Louisiana, LLC, which dismissed Mr. Barton's merchant liability claim under La.R.S. 9:2800.6 for injuries he allegedly sustained when he fell in the automotive maintenance section of Appellee's store in Alexandria, Louisiana, on July 29, 2016. For the reasons that follow, we reverse.

## PROCEDURAL POSTURE

Mr. Barton's action was commenced by the filing of a petition on August 12, 2016, in Alexandria City Court. Six days later, Wal-Mart answered the suit. On March 29, 2017, Mr. Barton moved to transfer the matter to the Ninth Judicial District Court claiming his damages exceeded the $50,000.00 jurisdictional limit of Alexandria City Court. On September 7, 2017, Wal-Mart filed the motion for summary judgment that resulted in this appeal. That motion was granted on December 14, 2017.

## APPELLATE REVIEW OF SUMMARY JUDGMENTS

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98–2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97–318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied,* 97–2737 (La.1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure

is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, p. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

## MERCHANT LIABILITY

Claims against a merchant for allegedly hazardous conditions on its premises are governed by La.R.S. 9:2800.6, which reads:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a

2

merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

This statute tasks a merchant with the duty to maintain its premises in a reasonably safe condition. This duty includes the obligation to refrain from creating hazardous conditions, to discover unreasonably dangerous conditions in a timely manner, and to reasonably ameliorate hazardous conditions when discovered. The law also imposes liability on a merchant who fails to discover an unreasonably dangerous condition that has existed for such a time that it would have discovered it had the merchant exercised reasonable care, which duty is known as "constructive notice." The statute also explicitly places the burden of proving these elements, including proof of the merchant's actual or constructive notice of a hazardous condition, on the claimant.

### APPLICATION OF THESE PRINCIPLES TO THIS CASE

The initial burden is on Wal-Mart to demonstrate that it is entitled to summary judgment; therefore, we will first examine Wal-Mart's motion and submissions to determine whether it carried its burden of proof. In support of its motion, Wal-Mart supplied excerpts of the depositions of Mr. Barton and its employee, Mr. Javathan Bullions, the affidavit of Mr. Tyler Montpelier, and surveillance video that captured the accident.

The excerpt of Mr. Barton's deposition reveals that on the day of the accident, it was raining as he drove to Wal-Mart to purchase a part needed to repair a lawn mower. He parked his vehicle outside the Tire and Lube Center of the store and waited ten to fifteen minutes for the rain to slacken. Mr. Barton denied that his shoes got wet when walking from his vehicle to the store. He also denied seeing any puddles on the ground from the short distance between his vehicle and the entrance.

3

As he entered the store, Mr. Barton fell. He opined that he fell in condensation, which, he testified, surrounded the area.

Mr. Bullions testified that it had been raining about thirty minutes before Mr. Barton fell. There were caution signs at the scene, and Mr. Bullions was proceeding to put them out just before Mr. Barton entered, but he was checking another customer out when the accident happened. The door opening into the lube center is a sliding door that is activated by a button behind the counter; accordingly, customers entering or leaving must be granted access by an associate who activates the door. Prior to Mr. Barton's entrance, Mr. Bullions testified, the floor was not wet. He opined that the wind blew rain into the building as Mr. Barton entered.

Mr. Montpelier's affidavit attested to the existence, custody, and authenticity of surveillance video of the area before and after Mr. Barton's fall. The video quality is rather poor; however, the following observations can be made from it. That portion of the video introduced begins approximately one hour before Mr. Barton's fall. One can see that it is daylight outside the entrance. There is a sheen on the floor throughout the video, but it is difficult, due to the pixelated nature of the video, to discern whether that is from moisture or the floor's finish. During the one hour before Mr. Barton's fall, thirty-five customers enter or leave through that door. Employees of Wal-Mart traverse the area six times. At no time during these traverses of the area does there appear any disturbance of the floor's surface, and no customer or employee slipped or had any other difficulty. Ten minutes before Mr. Barton enters, an elderly woman ambulating with the assistance of a walker appears to easily traverse the area, as did a man who appeared equally elderly but not requiring the assistance of any device. Five minutes before the fall, another older gentleman entered the store and encountered no difficulty.

4

At 12:35 p.m., Mr. Barton entered the store. His right foot is seen to slip, and he fell forward onto his hands and knees. He remained in that position until a Wal-Mart employee came to his assistance. Only after Mr. Barton moved from his hands-and-knees position were impressions left on the floor such as one might expect if the floor were wet. The employee immediately placed yellow cones. Well after Mr. Barton moved, the impressions remained visible on the floor.

The trial court entered judgment in favor of Wal-Mart, holding that it had no constructive notice of the moisture before Mr. Barton fell. Mr. Barton appeals, arguing the trial court erred in finding for Wal-Mart.

As noted above, "'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La.R.S. 9:2800.6(C)(1). In the present matter, while the plaintiff is charged with the burden of proof of constructive notice, it is Wal-Mart's burden, as the mover for summary judgment, to demonstrate an absence of factual support for Mr. Barton's claim of constructive notice. La.Code Civ.P. art 966(D)(1). We find that Wal-Mart failed to carry this burden.

Mr. Barton stated that he thought the moisture in which he fell was condensation. Mr. Bullions, on the other hand, denied the presence of moisture before Mr. Barton entered. The video quality is rather poor, and it is difficult to discern at what point the floor became wet. No customer is seen disturbing moisture on the floor before Mr. Barton. This tends to corroborate Mr. Bullions' account. Even were the quality better, though, we are faced with two contradictory versions of the incident and are not allowed to weigh the credibility of the two witnesses. *Mouton v. Sears Roebuck and Co.*, 99-669 (La.App. 3 Cir. 11/3/99), 748 So.2d 61, *writ denied*, 99-3386 (La. 2/4/00), 754 So.2d 232.

5

**DECREE**

The judgment of the trial court in favor of Wal-Mart Louisiana, LLC is reversed. All costs of this appeal are taxed to Appellee, Wal-Mart Louisiana, LLC.

**REVERSED.**