CRAIN, Judge.
In this “slip and fall” ease, Una H. Morrison appeals a judgment of the district court which dismissed her action for damages against Sterling Place, a nursing facility owned and operated by Baton Rouge General Medical Center, and insured by St. Paul Fire and Marine Insurance Company. We affirm the judgment of the district court.
On July 17, 1987 at approximately 11 a.m., Una Morrison, an employee of the Mayor-President’s Council on Youth, visited the kitchen of the Sterling Place Nursing Home. She had gone to meet with Myrtle Knox, the facility’s dietary manager. Upon leaving the kitchen, plaintiff fell, on what she alleged was “foreign material” on the floor. Ms. Morrison sustained a comminuted fracture to her right patella.
On February 10, 1988, plaintiff filed this action for damages. On June 11,1992, Travelers Insurance Company intervened in the suit seeking recovery of worker compensation benefits and medical expenses it had paid plaintiff as a result of her injuries. On November 18,1992, a stipulation was entered into between plaintiff and her compensation carrier as to the amount it was owed. The stipulation was presented at trial. The jury trial was held on November 18 and 19, 1992. Defendants moved for a directed verdict. The trial judge granted the motion for directed verdict, with the following reasons:
The Court: All Right. The test seems to be — and, oddly enough, this is a St. Bernard Parish School Board case — evidence of such quality and weight that reasonable and fair minded men in exercise of impartial judgment might reach different conclusions, the motion should be denied, if there is evidence of quality and weight opposed to motion. In the absence of that, then it should be granted. There is no expert testimony as to an unsafe area, a defective area, a defect in building, a defect in thing. Now it says, ‘On motions for directed verdict and judgment notwithstanding the verdict the court should consider all of evidence, not just that evidence which supports nonmover’s case, but in light and with all reasonable inferences most favorable to a party opposed to motions; if facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at contrary verdict, the granting of the motion is proper.’ And I do, and I’ve seen it recently where someone just fell and there was no evidence in the record of a substantial defect or any defect; the reasonable minds were unanimous that there was no negligence. And I grant the motion. I dismiss the case at plaintiffs cost. It’s a judgment in favor of—
Mr. Kinchen: St. Paul, Sterling Place, and General Health and perhaps Baton Rouge General is named in this thing also, Judge.
*770 The Court: So I grant judgment in favor of and against the plaintiff, Una H. Morrison; a directed verdict in favor of St. Paul Fire & Marine Insurance, Baton Rouge General, and Sterling Place.
Plaintiff appeals the judgment and assigns as his sole assignment of error the court’s action in granting the defendants’ motion for directed verdict.
In Reilly v. Dynamic Exploration, Inc. 571 So.2d 140 at 143-144 (La.1990), the Louisiana Supreme Court discussed the standard to be applied in the consideration of a motion for directed verdict:
The standard for granting a directed verdict mirrors the standard for granting a summary judgment.
A directed verdict on liability is appropriate only when the trial judge is convinced that reasonable minds could not differ in their interpretation of the evidence. Questions of credibility should not be resolved by a directed verdict. (Citations Deleted)
Thus, the grant of a motion for directed verdict is only proper “when reasonable minds could not reach a contrary verdict” and “not when there is a preponderance of evidence.” La.C.C.P. art. 1810. Hastings v. Baton Rouge General Hospital 498 So.2d 713, at 718 (La.1986).
In this case plaintiff was allegedly injured when she fell as a result of “foreign material” on the floor of the defendant’s facility.
A hospital owes a duty to its visitors to exercise reasonable care for their safety, commensurate with the particular circumstances involved; but the duty owed is less than that owed by a merchant. Reynolds v. St. Francis Medical Center, 597 So.2d 1121 (La.App. 2nd Cir.1992). As in any slip and fall lawsuit, in order to establish a prima facie case against a hospital, the plaintiff must show that she slipped, fell and was injured because of a foreign substance on the defendant’s premises.
In the present case the plaintiff failed to prove the element of causation. Three witnesses who were present on the day of this accident testified at trial.
The plaintiff, Una Morrison, testified that as a part of her duties with the city-parish youth program she was responsible for oversight of the children’s jobs program. In this capacity, she would see that contracts and federal forms were executed by the children’s employers. It was for this reason that the plaintiff entered the Sterling Nursing Home on July 17, 1987, the date of this accident. According to the plaintiff, at the time in question, she never saw anything on the floor. She had not seen anyone mopping nor was she told that anyone had mopped the floor. At this time, the plaintiff was wearing leather soled shoes with a heel of 1½ to 2 inches. She carried forms and her purse in her arms and was walking at a normal pace. She testified that she had not been told to wear special shoes nor was she warned that the floor was slippery.
Mrytle Knox, the dietary manager for the defendant nursing home, testified that on the date of the accident she worked from 7:00 a.m. until 2:00 p.m. Breakfast is prepared at 5:30 a.m. and is served between 7:30 a.m. and 8:00 a.m. By the time of the plaintiffs visit at 11:00 a.m., one set of meals had been finished. Lunch, which is served at 11:30 a.m., was being prepared.
Ms. Knox further testified that there is a written policy concerning floor cleaning. The floors are mopped at 9:00 a.m. and next at 12:00 p.m. There is one porter who reports to work at 10:00 a.m., but he does not mop the floors. The mopping is done by whomever operates the dish machine. The mopping occurs when scheduled, unless there is a spill. If a spill occurs, the employees know to mop it up immediately.
The floor is brick. It is mopped with fresh mop heads each day. The mopping is done with hot detergent and the mop is rinsed thoroughly. A degreaser, which is a disinfectant, is used on the floor to remove any small amount of grease that may splatter in cooking.
On the date of this accident, plaintiff turned and exited the kitchen. Ms. Knox did not see Ms. Morrison fall. After she fell, Ms. Knox made a stat call for a nurse to assist Ms. Morrison. Ms. Knox went to the plain *771 tiffs aid and did feel the floor where Ms. Morrison fell, apparently with no sight of what made plaintiff fall. Ms. Knox did not touch the plaintiffs clothing nor the soles of her shoes. Ms. Knox had not told plaintiff, nor any visitor, of the type of shoes to wear, nor of the facility’s mopping procedure.
The nurse who was summoned to the scene by Ms. Knox, Madeline Monroe, also testified at trial. She stated that she wrote the incident report for this accident. When she arrived, plaintiff was still on the floor. Ms. Monroe testified that the E.M.S. unit was there when she arrived. Ms. Morrison’s knee was out of position and her blood pressure was elevated. Although the plaintiff told Ms. Monroe that she thought the floor “might have been a little damp”, Ms. Monroe testified that she was on the floor and did not see any substance, water or debris on the floor. Ms. Monroe thereafter accompanied the plaintiff, in the ambulance, to the hospital emergency room.
The record is devoid of evidence that the plaintiff fell as a result o'f a foreign substance or defect in the defendants’ premises. Under these circumstances, the trial judge correctly found that reasonable minds could not reach a contrary verdict on the issue of liability. The grant of the defendants’ motion for a directed verdict was proper.
For the reasons assigned the judgment of the district court is affirmed at plaintiffs costs.

AFFIRMED.