NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-553


DOROTHY ROBINSON, ET AL.

VERSUS

RAPIDES HEALTHCARE SYSTEM, L.L.C., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,191
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.


AFFIRMED.

**Stephen Hawley Myers**
**P. O. Box 51222**
**Lafayette, LA 70505-1222**
**(337) 298-1007**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
 **Dorothy Robinson**
 **Marvin Robinson**

**Kay Hilgerson Michiels**
**Randall M. Seeser**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71301-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Rapides Healthcare System, L.L.C. d/b/a/ Rapides Regional Medical Center**

**EZELL, Judge.**

Dorothy Robinson and her husband appeal the decision of the trial court below granting a motion for summary judgment in favor of Rapides Healthcare System, L.L.C. (hereinafter "Rapides" or "the hospital") in this trip-and-fall case. For the following reasons, we hereby affirm the decision of the trial court.

On July 14, 2014, Mrs. Robinson went to Rapides to pick up x-rays for her husband. She entered the radiology department through a set of double doors on the right side of the hall, as someone was exiting the hallway through the door to her left. As she took her second step through the door, she tripped and fell, injuring her knee, as well as both her hands. Though she claims she could see no bump or defect before or after she fell, she claimed she could feel a slight change in elevation while running her foot over the area after her fall.

The Robinsons filed the present suit. Rapides filed a motion for summary judgment, claiming there was no genuine issue of material fact as to whether a defect existed in the floor. The trial court agreed, granting the summary judgment. From that decision, the Robinsons appeal.

On appeal, the Robinsons assert one assignment of error, claiming that the trial court erred in granting the summary judgment. We disagree.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, ____ U.S. ____, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

Delictual liability for trips and falls is governed by La.Civ.Code art. 2317.1, which reads:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

This article requires, then, proof of a defect; that the owner or custodian knew or should have known of the ruin, vice, or defect; that the owner could have

2

prevented the damage by the exercise of reasonable care; and that the owner or custodian failed to exercise reasonable care. An accident, alone, does not support the imposition of liability, particularly considering the normal hazards pedestrians face while walking. *Williams v. Leonard Chabert Med. Ctr.*, 98-1029 (La.App. 1 Cir. 9/26/99), 744 So.2d 206, *writ denied*, 00-11 (La. 2/18/00), 754 So.2d 974. A hospital owes a duty to its visitors to exercise reasonable care for their safety, commensurate with the particular circumstances involved, under a negligence standard; however, the duty owed is less than that owed by a merchant. *Terrance v. Baton Rouge Gen. Med. Ctr.*, 10-11 (La.App. 1 Cir. 6/11/10), 39 So.3d 842, *writ denied*, 10-1624 (La. 10/8/10), 46 So.3d 1271; *See also Morrison v. Baton Rouge Gen. Med. Ctr.*, 93-1055 (La.App. 1 Cir. 4/8/94), 635 So.2d 768, *writ denied*, 94-1192 (La. 7/1/94), 639 So.2d 1165.

The Robinsons claim the trial court erred in granting summary judgment where there existed a conflict between deposition testimonies concerning the condition of the floor. We disagree.

At the outset, we must note that there are several important discrepancies within Mrs. Robinson's own testimony. Mrs. Robinson makes several contradictory claims, some of which are necessarily factually inaccurate. In her deposition, she claims she tripped on her second step inside the double doors entering the radiology department. She unmistakably states she fell while taking her second step inside the doors several times. However, she later claims that she tripped on an area where an access panel is located, even though that panel is located ten to eleven feet away from the door, too far to be reached by anyone's second step.

3

She further claims in her petition that the entire access panel was not present at the date of her fall, but was a repair to the area she tripped over. This also cannot be true, as the access panel had been in that place for over eleven years according to the testimony of Grover Walker, the hospital's supervisor of security when she fell, and Ken Sasser, the hospital's engineering director. In fact, her own photographs of the panel taken after her fall show cracks and wear that indicate the panel could not have been a newly repaired area, even had she been able to reach that spot with her second step.

The record is clear that Mrs. Robinson could not have tripped over an access panel that she claims did not exist at the time of her fall; nor could she trip over anything in an area well beyond the distance from the door where she fell. As there are important discrepancies between Mrs. Robinson's claims and the actual condition of the property in question, we do not disregard Mrs. Robinson's opinion regarding the access panel area, we simply find those claim factually incorrect. See *Cordell v. Tanaka, LLC*, 17-285 (La. App. 1 Cir. 1/4/18) (unpublished opinion), *writ denied*, 18-235 (La. 4/6/18), 239 So.3d 827.

Regarding the area just inside the door where Mrs. Robinson actually did fall, she testified that she could see no defect in the floor, that the floor was clean, and the area well lit. She stated that she did not slip on anything.

Mr. Walker testified that he spoke with Mrs. Robinson just after she fell. She showed him directly the area she fell, which he confirmed as just inside the door. He examined the area and found it to be "level, flat, no bump, clean, dry and free of debris." Pictures he took show this to be the case, as there is nothing whatsoever to indicate any possible defect in the area just inside the door where

4

she fell. Mr. Walker's testimony was confirmed by Mr. Sasser, who also examined the area after the accident and found no bump and all tiles to be flat.

We must agree with the trial court that Plaintiffs did not produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden at trial. The little evidence they did produce which could have arguably created a genuine issue of material fact concerns an area almost ten feet from where Mrs. Robinson claims she fell. Rapides supported its motion with evidence that the hallway was not defective, and Mrs. Robinson has presented no evidence establishing any genuine issue of material fact relating to her claim that the floor contained a defect or was unreasonably dangerous. We can, therefore, find no error in the trial court's ruling.

For the above reasons, the decision of the trial court below is hereby affirmed. Costs of this appeal are hereby assessed against the Robinsons.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.